## SYLVIA B. PARKINSON ET AL.
*vs.*
## TOWN OF BRANFORD ET AL.

Superior Court     New Haven County     File No. 57861

MEMORANDUM FILED JANUARY 29, 1941.

*Ernest L. Averill,* and *William P. Averill,* of Hartford, for the Plaintiffs.

*Earle A. Barker,* of Branford, for the Defendants.

CORNELL, J. In its memorandum filed August 17, 1940, the court suggested the propriety and offered opportunity to the plaintiff Frederick R. Houde, administrator, *d.b.n., c.t.a.,* on the estate of Winford E. Hotchkiss, of amending the second count of the complaint to conform to the evidence in one respect. This required only that it be alleged that the decedent at the time of his death was the owner of an undivided one-fourth right, title and interest to the land described therein, which allegation is now contained in an "Amendment to the Second Count of Plaintiff's Complaint", filed August 23, 1940.

The memorandum of the court referred to suggested that the defendants, while they had the right to plead to the pleading when amended in any way in which they might elect, would probably wish to enter an admission or denial of the new matter. However, while in the interim certain motions were made and disposed of, no answer was filed until December 11, 1940, on which latter date the content of the amendment to the second count was admitted.

However, there was also added to this pleading a special defense which differs in certain material particulars from the special defense as it existed when the case was tried and interposes issues of law and fact not then before the court. This latter has not been pleaded to by plaintiff so that if such special defense is to stand a series of pleadings may again ensue and a further hearing may be necessary to permit the introduction of additional evidence by plaintiff or on the part of defendant, or both.

The case, of course, was decided on the pleadings as they

were and according to the claims of the parties under them on the evidence adduced at the time of the trial. As noted, the amendment suggested to be made by plaintiff effects no change in the issues formulated as they were then. Any pleading to be filed by the defendants was, hence, necessarily restricted to the content of the amendment only, either in itself, or as this might change the purport of the pleading in which it was incorporated. The special defense is not germane in either of these respects since the amendment introduced no new issue of law into the case and merely conforms to the evidence received at the trial. Neither was the special defense in question filed by permission of the court. In consequence, it is ordered stricken from the file. This leaves the pleadings closed and permits judgment to be entered. .

Judgment may enter in favor of the defendants, Gurdon Bradley, John S. Rogers and Frank R. Williams, individually, and Milton J. Warner as treasurer of the Town of Branford on both counts; and in favor of the plaintiff, Sylvia B. Parkinson on the first count and Frederick R. Houde, as administrator d.b.n., c.t.a. on the estate of Winford E. Hotchkiss, on the second count, against the Town of Branford and against Gurdon Bradley, John S. Rogers and Frank R. Williams as constituting the board of selectmen of the Town of Branford, that an injunction issue against said Town of Branford and said other parties as and constituting the board of selectmen and against each of them as a member thereof, perpetually enjoining said defendants and each of them each under a penalty of $1,000 to refrain from entering upon a certain way known and described as Seaview Avenue on a certain map entitled "Map of Hotchkiss Grove Property, Pine Orchard West, comprising of Grove, Blackstone Bay, Squaw Rock and Bay Point, Town of Branford, owned by E. M. Hotchkiss", dated July, 1914, prepared by Charles E. Nichols, civil engineer, and on file in the town clerk's office, for the purpose of excavating or widening said way or relocating or changing the grade or location of same or performing any other act by themselves, their agents, servants or employees, the effect of which would be to change or affect the location, width, direction, grade or course of said Seaview Avenue as the same is described on said map or now is and to refrain from entering upon the same to level, improve or repair said way, or in any manner to assume control over said way as a public way or highway of the Town of Branford, except following and in consequence

of proceedings hereafter duly had and taken under the authority of the General Statutes of the State of Connecticut or of any special act of the General Assembly of said State to acquire the same as a public highway.

The injunction granted applies only to Seaview Avenue and is denied as to the other ways shown in the map, because it does not appear as to those others that there is any imminent danger of violation of plaintiff's rights, respectively, in and to them as the same are located and shown upon said map.