[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (#118)
The plaintiff, Susan Dicker, initiated this action on April CT Page 3369 22, 1992, seeking damages related to her previous employment with the defendant Middlesex Memorial Hospital (MMH). On March 5, 1993, the plaintiff filed her second amended complaint, alleging seven counts sounding in defamation, breach of an implied and express contract of employment, negligent misrepresentations, promissory estoppel, breach of the covenant of good faith and fair dealing, and false light invasion of privacy. The following facts are taken from the plaintiff's complaint.
Plaintiff was employed by MMH from November 3, 1980, until October 6, 1989. The last position she held was Clinical Coordinator, to which she was promoted in January of 1986. In August of 1989 plaintiff was informed by her supervisor that she would be removed from the position, and it is the plaintiff's position that this meeting and subsequent events led to her forced resignation from her job.
The record before the court reflects that the plaintiff filed an action in federal court on November 6, 1990, alleging age discrimination and four state law claims. Summary judgment on the age discrimination claim was granted by the court, Nevas, J., on December 26, 1991, and the state law claims were eventually dismissed. The plaintiff then brought the current action against MMH in Superior Court.
On October 19, 1993, MMH filed a motion for summary judgment on each count of the plaintiff's complaint, asserting a variety of factual and legal conclusions as grounds for its motion. Included with the motion was a "Statement of Facts Not In Dispute", as well as twenty-one exhibits including deposition excerpts, pleadings in the prior federal action, employment-related documents and affidavits from MMH. The plaintiff filed its objection to the motion on January 14, 1994, along with accompanying exhibits and affidavits, and has strenuously disputed the defendant's "Facts Not in Dispute" both at oral argument and in subsequent pleadings.
"The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277,279, 567 A.2d 829 (1989), citing Dowling v. Kielak, 160 Conn. 14,16, 273 A.2d 716 (1970). "The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to judgment as a matter of law." CT Page 3370 (Citations omitted.) State v. Goggin, 208 Conn. 606, 615,546 A.2d 250 (1988). "Because the burden is on the movant, the evidence must be viewed in the light most favorable to the nonmovant and he is given the benefit of all favorable inferences that can be drawn." Id., 616.
[T]he "genuine issue" aspect of summary judgment procedure requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred. United Oil Co. v. Urban Redevelopment Comm'n,158 Conn. 364, 378-79, 260 A.2d 596 (1969). "`Issue of fact' encompasses not only evidentiary facts in issue but also questions as to how the trier of fact would characterize such evidentiary facts and what inferences and conclusions it would draw from them." United Oil Co. v. Urban Redevelopment Comm'n, 379. "[S]ummary judgment is to be denied where there exist genuine issues of fact and inferences of mixed law and fact to be drawn from the evidence before the Court." Id.
The Court is persuaded that a genuine issue of mixed law and fact is present as to the alleged terms of the employment contract between the parties and as to any alleged breach. See Gianetti v. Norwalk Hospital, 211 Conn. 51, 58, 557 A.2d 1249
(1989), and cases cited therein at n. 6. Clearly an employment contract of some type existed between the parties, since the plaintiff worked for and was paid by the defendant for almost nine years, and the arguments presented by the defendant are unpersuasive and inconsistent. The defendant cannot deny the existence of an "at will", fixed-term, and/or terminable for cause employment contract all in the same brief. This belies the fact that some type of employment contract did exist. However, this court will not classify the employment contract nor delineate its terms in the context of the present summary judgment motion.
Furthermore, the disclaimer in the employee policy manual relied upon by defendant to defeat the implied contract claim is untitled, in fine print, and on a signature page allegedly unsigned by the plaintiff. A sufficient factual dispute exists to prevent this court from entering judgment as a matter of law that the disclaimer is valid and binding. See Elliff v. St. Vincent's Medical Center, 9 CSCR 113 (December 7, 1993, Ford, J.). Moreover, the defendant has failed to convince this court that the plaintiff's claim of constructive discharge is CT Page 3371 insufficient as a matter of law. See Seery v. Yale-New Haven Hospital, 17 Conn. App. 532, 554 A.2d 757 (1989). The court reaches the same conclusion with regard to the allegations of negligent misrepresentation and promissory estoppel.
Finally, as to the defamation and false light invasion of privacy claims, the court is equally unpersuaded that no genuine issue of fact is present. The court is not persuaded based on the defendant's characterization of the facts that the plaintiff cannot prove either the publication of a statement or its falsity. Summary judgment will not be granted based on one party's characterization of disputed facts. "The function of the trial court, in summary judgment proceedings, is not to decide issues of material fact but rather to determine whether any such issues exist." Telesco v. Telesco, 187 Conn. 715, 718,447 A.2d 752 (1982). The motion for summary judgment is denied is to all counts.
JOHN WALSH, J.