VINCENT J. DOWLING, ADMINISTRATOR (ESTATE OF MICHAEL HASIUK) *v.* JAMES KIELAK ET AL.

ALCORN, C. J., HOUSE, THIM, RYAN and SHAPIRO, Js.

Argued June 3—decided July 21, 1970

*John F. Scully,* with whom was *David T. Ryan,* for the appellant (plaintiff).

*Robert C. Albino,* for the appellees (defendants Kielak).

RYAN, J. This is a negligence action wherein the plaintiff, administrator of the estate of Michael Hasiuk, seeks to recover damages from the defendants James Kielak, Jean Kielak, Timothy Hoff and The Grody Chevrolet Company for the death of his decedent. In his complaint he alleged that on July 20, 1968, the defendant Jean Kielak was operating a family car owned by her father, James Kielak, within the scope of her authority, in a southerly direction on Broad Street at the intersection of Park Street in the city of Hartford; that the defendant Hoff, as the agent of The Grody Chevrolet Company, was operating the company's car in a westerly direction on Park Street at the intersection of Broad Street; and that due to the negligence of the defendants the two vehicles collided, with the result that the car of The Grody Chevrolet Company struck the plaintiff's decedent, who was crossing Park Street, causing injuries from which he died.

The defendants Kielak filed an answer denying the allegations of negligence alleged in the complaint as to them and admitting the allegations of negligence pleaded as against the defendants Hoff and The Grody Chevrolet Company. The defendants Kielak then moved for summary judgment. The affidavit of Jean Kielak, together with her statement and the statements of three witnesses, Lucy Porri, Dora Reis and John Reis, given to the police following the accident, were submitted with the motion. In his counter affidavit the plaintiff submitted the statement of the codefendant Hoff which had been given to a police officer following the accident, together with excerpts from the testimony of John Reis, Dora Reis and Lucy Porri given under oath at the coroner's inquest.

The specifications of negligence alleged in the plaintiff's complaint on the part of the defendants Kielak pertinent to the present inquiry were excessive speed, failure to keep a proper lookout, failure to have the car under reasonable control and failure seasonably to apply the brakes or turn the car in time to avoid the collision.

The motion for summary judgment is "designed to eliminate the delay and expense incident to a trial when there is no real issue to be tried. Stephenson, Conn. Civ. Proc. (1966 Sup.) § 131". *Dorazio* v. *M. B. Foster Electric Co.,* 157 Conn. 226, 228, 253 A.2d 22. Under the provisions of § 303 of the Practice Book, such a judgment could be granted only "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

" 'In passing on the defendant's motion for summary judgment the trial court was limited to de-

ciding whether an issue of fact existed, but it could not try that issue if it did exist. *Rathkopf* v. *Pearson*, 148 Conn. 260, 264, 170 A.2d 135.' *Associates Discount Corporation* v. *Smith's Windham Lincoln-Mercury Sales, Inc.*, 153 Conn. 176, 180, 214 A.2d 909. 'If it appears that upon full inquiry a defense would not be found to exist, a summary judgment is warranted. *Rifkin* v. *Safenowitz*, 131 Conn. 411, 416, 40 A.2d 188.' *Rathkopf* v. *Pearson*, supra." *Kasowitz* v. *Mutual Construction Co.*, 154 Conn. 607, 610, 228 A.2d 149.

"Pursuant to § 300 of the Practice Book, affidavits filed in connection with a motion for summary judgment must be made on personal knowledge, must set forth facts which would be admissible in evidence, and must show that the affiant is competent to testify to all matters stated in the affidavit. In order to oppose successfully a motion for summary judgment, the opposing party must recite facts in accordance with Practice Book § 300 which contradict those offered by the moving party. *Kasowitz* v. *Mutual Construction Co.*, 154 Conn. 607, 613, 228 A.2d 149." *Dorazio* v. *M. B. Foster Electric Co.*, supra.

The affidavit submitted by the defendants Kielak, signed by the defendant Jean Kielak, recited that the defendant Hoff, traveling west on Park Street, failed to stop at a traffic signal, which was red for his direction of travel, and proceeded into the intersection of Park and Broad Streets, striking the car operated by the defendant Jean Kielak, which was traveling south on Broad Street. The Hoff car came in contact with the Kielak car near the left front fender and careened into other motor vehicles which were parked on Park Street. The statement of the defendant Hoff given to the police following the

accident could come into evidence only as an admission. This statement did not contradict the facts recited in the Kielak affidavit but actually confirmed them.

The only affidavit submitted by the plaintiff was that of the administrator, whose statement did not profess to be made on his personal knowledge. The excerpts from the testimony of various persons before the coroner, although made under oath, would not be admissible as against the defendants Kielak since the statements are, as to them, pure hearsay. The statements of witnesses given to the police and submitted by the defendants Kielak are in the same inadmissible category. The trial court acted upon the uncontradicted affidavit of the defendant Jean Kielak.

In the instant case there was no genuine issue as to any material fact, and the court was correct in rendering summary judgment in favor of the defendants Kielak.

There is no error.

In this opinion the other judges concurred.