[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 7302
This is a suit against an attorney and an insurance company alleging that they failed to disclose, in interrogatories from a separate personal injury action involving the plaintiff, the existence of an insurance liability policy. The plaintiff settled the separate personal injury action for what he thought was the policy limit of $100,000. The plaintiff now claims that he was damaged by the defendants' nondisclosure in that he was precluded from recovering under the undisclosed policy, and additionally may be precluded from recovering under his own underinsured motorist policy because of a failure to exhaust all other available coverages. It appears, however, that in an effort to remedy the defendants' nondisclosure, the court, Celotto, J., on June 10, 1993, set aside the plaintiff's release and reinstated the underlying personal injury action which had been withdrawn upon the settlement. On June 15, 1993, Fortunato, one of the defendants in the original action, filed a notice of intent to appeal this decision to reinstate the case.
The defendants now move for summary judgment on the ground that since the original suit has been reinstated, the plaintiff claims no legally cognizable injury in the present action, and therefore the action is moot as a matter of law.
Summary judgment is "designed to eliminate delay and expense incident to a trial when there is no real issue to be tried." (Internal quotation marks omitted.) Dowling v. Kielak, 160 Conn. 14,16, 273 A.2d 716 (1970). It is a proper resolution to litigation where "`the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Strada v. Connecticut Newspapers, Inc., 193 Conn. 313,316-17, 477 A.2d 1005 (1984), quoting Practice Book § 384.
In his complaint the plaintiff claims the following damages:
 As a result [of the defendants' nondisclosure], plaintiff was damaged in that he is now precluded from recovering under the undisclosed Fortunato policy, and he is CT Page 7303 further damaged in that he may be precluded from recovering under his own underinsured motorist policy on the ground that he failed to exhaust all other available coverage. Plaintiff claims money damages.
Plaintiff's complaint, para. 19. These are the only damages claimed in his complaint. In addition, in his memorandum in opposition to the defendants' motion for summary judgment, the plaintiff declares:
 Had the Fortunato policy been disclosed, the 1987 personal injury case would not have been settled at the figure and for the amount that it had, and the plaintiff would not have been damaged and deceived into accepting an award and settlement that was clearly less than he expected to receive in total.
The damages claimed by the plaintiff have been remedied by the court reinstating the original personal injury action. The present action was promoted solely based on damages resulting from the plaintiff settling the original suit for $100,000, and thus withdrawing that suit. Since that suit has now been reinstated, the plaintiff is no longer "precluded from recovering under the undisclosed Fortunato policy," nor is he "precluded from recovering under his own underinsured motorist policy" once he proceeds against the undisclosed policy. Therefore, summary judgment may enter in favor of the defendants, but without prejudice pending the appeal of the reinstatement of the underlying personal injury suit.
Howard F. Zoarski Senior Judge