[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT
In 1991, the plaintiff brought a civil action against the defendant alleging that the defendant had unlawfully entered upon his land and cut down some trees, an event about which the plaintiff had learned in April of 1991. This case was settled in 1993 with the plaintiff executing a general release in favor of the defendants from all ". . . causes of action . . . which [he] . . . ever had, now ha[s] or hereafter can, shall or may, have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this release, more specifically, any and all claims arising from a civil suit entitled Walter Smith v. J-Mar Builders, Inc. et al, CV91-0325292, returnable to the Superior Court at New Haven." CT Page 2064
In July of 1994, the same plaintiff sued the same defendant alleging that in August of 1992, the defendant, while building a road along the common boundary between their two properties, entered onto the plaintiff's land and cut down additional trees. The defendant has denied the material allegations of the instant complaint and has also filed a special defense based on the release that terminated the 1991 litigation. It has also moved for summary judgment, claiming that by virtue of having released, in 1993, the defendant from any and all claims he might have had against it at that time, there are no material facts that are left in dispute and that it is entitled as a matter of law to summary judgment.
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Conn. Practice Book § 384; Telesco v. Telesco, 187 Conn. 715, 447 A.2d 752 (1982);Yanow v. Teal Industries, Inc., 178 Conn. 262, 422 A.2d 311
(1979). A "material" fact is one which will make a difference in the outcome of the case. United Oil Co. v. Stamford UrbanRedevelopment Commission, 158 Conn. 364, 260 A.2d 596 (1969). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist. Michaud v. Gurney, 168 Conn. 431,362 A.2d 857 (1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Dowling v. Kielak, 160 Conn. 14, 273 A.2d 716
(1970); Dorazio v. M.B. Foster Electronic Co., 157 Conn. 226,253 A.2d 22 (1968). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. CarriageLane Associates, 219 Conn. 772, 780-81, 595 A.2d 334 (1980).
For purposes of this motion, the critical fact in issue is whether the 1993 release in fact encompassed the claim which is the subject matter of the present litigation. Although the preprinted release form uses the broad boiler plate language "from the beginning of the world to the day of the date of this release", the parties arguably narrowed its scope by specifically referring to "any and all claims arising from" the 1991 civil suit. The defendant makes no claim here that the alleged 1992 tree-cutting was a part of the 1991 litigation. To the contrary, CT Page 2065 in his affidavit, the president of J-Mar Builders states that at the time of the release he had not been made aware of any other claims of the plaintiff against his company.
The defendant relies on Blakeslee v. Water Commission,121 Conn. 163, 185 (1936) for the proposition that parol evidence is not admissible to vary the terms of a written release. The same case also holds, however, that "[t]he general words in a release are limited always to that thing or those things which were specially in the contemplation of the parties at the time when the release was given. But a dispute that had not emerged, or a question which had not arisen at all, cannot be considered as bound and concluded by the anticipatory words of a general release." Id.
Although Blakeslee may help the defendant upon a trial on the merits, it does not provide it with much support in the context of a motion for summary judgment. The pleadings and affidavit do not remove from dispute the question of whether the alleged 1992 incident was "specially in the contemplation of the parties at the time when the release was given." The wording of the release is ambiguous in this regard, and "the issue of ambiguity . . . cannot be adequately resolved in a summary judgment proceeding." Connecticut Ins. Guaranty Assoc. v. Union CarbideCorp., 217 Conn. 371, 386, 585 A.2d 1216, 1224 (1991). In general, determining the intent of the parties is normally a factual matter that cannot be decided in the context of a motion for summary judgment. Voll v. Lafayette Bank Trust Co.,223 Conn. 419, 426, 613 A.2d 266, 270 (1992). Although summary process might be appropriate in a case where the nonmovant failed to produce any evidence in opposition, Centerbrook Architects andPlanners v. Laurel Nursing Services, Inc., 224 Conn. 580,620 A.2d 127 (1993), this is not the situation here. The plaintiff has filed an affidavit in opposition to the motion stating that the release was specifically drafted to apply only to claims asserted in the 1991 litigation and "was not intended to and would not affect my right to bring an action against J-Mar Builders for any unrelated activities or damages."
Based on the status of the pleadings and the affidavits, the issue of whether the 1993 release in fact discharged the defendant from any liability for the claims now being asserted against it is a fact very much in dispute. Under such circumstances, summary judgment is not appropriate. CT Page 2066
The motion for summary judgment is therefore denied.
Jonathan E. Silbert, Judge