[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE PLAINTIFFS' MOTIONS FOR SUMMARY JUDGMENT
In each of the above-captioned actions, the plaintiffs have brought two-count complaints against the defendant alleging breach of contract and quantum meruit. The plaintiffs have moved for summary judgment as to the first count in each case, alleging that there is no genuine issue as to any material fact and that the plaintiffs are entitled to judgment as a matter of law. Each motion is accompanied by an affidavit in which an officer of the plaintiff corporation states that that corporation had a contract with the defendant to provide services and/or materials to the defendant, that it provided such services and/or materials, and that a balance due under the contract is unpaid. The motions, which are also accompanied by memoranda of law, seek a judgment for the plaintiff for the principal amount due, plus interests and costs.
The defendants filed memoranda of law but no opposing affidavits in response to the motions for summary judgment, which had been filed on November 8 (Hull Printing Co., Inc.) and November 15, 1995 (Hamilton Connections, Inc.). The defendant also filed a request to revise in the Hull Printing case on November 20 and another in the Hamilton Connections case on November 29. The revisions requested in both cases include a statement as to whether the alleged agreement was written or oral; deletion of a paragraph within the complaint stating the amount in demand, based on the defendant's claim that General Statutes § 52-91 requires that such requested relief not be an allegation of the complaint itself; and that the demand for relief be placed on a separate page. In the Hull Printing Company case, the defendant also requested that there be an allegation as to whether the remedy sought is based upon an express or an implied promise to pay a definite sum and omission of that portion of a notice under the Fair Debt Collection Practices Act that states, "Unless you dispute the validity of this debt in whole or in part, within 30 days after receiving this notice, the undersigned will assume the debt to be valid."
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party CT Page 13691 is entitled to judgment as a matter of law. Conn. Practice Book § 384; Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994); Telesco v. Telesco, 187 Conn. 715,447 A.2d 752 (1982); Yanow v. Teal Industries, Inc., 178 Conn. 262,422 A.2d 311 (1979). A "material" fact is one which will make a difference in the outcome of the case. Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist. Michaud v. Gurney, 168 Conn. 431,362 A.2d 857 (1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Dowling v. Kielak, 160 Conn. 14, 273 A.2d 716 (1970);Dorazio v. M.B. Foster Electronic Co., 157 Conn. 226, 253 A.2d 22
(1968). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 780-81, 595 A.2d 334 (1980).
Although it is unusual for a plaintiff to move for summary judgment before a defendant has filed any pleadings, this practice is permitted by Practice Book § 379: ". . . a party may move for a summary judgment at any time. . ." Thus, as a legal proposition, the defendant's argument that the motions for summary judgment are premature is without merit.
The defendant's principal objection to summary judgment is that because a request to revise is pending, there is no unchallenged pleading on which to enter summary judgment. The question which the court must therefore answer is whether the mere filing of a request to revise relieves a party of the obligation to respond to a motion for summary judgment by submitting affidavits and/or other documentary materials sufficient to establish that material facts remain in dispute so that the moving party is not entitled to summary judgment.
Although the court has found no case law on this subject, the Practice Book itself provides the pathway to the answer to this question. Practice Book § 382 states: "Should it appear from the affidavits of a party opposing the motion [for summary judgment] that he cannot, for reasons stated, present facts essential to justify his opposition, the court may deny the motion for judgment or may order a continuance to permit CT Page 13692 affidavits to be obtained or discovery to be had or may make such other order as is just." Thus, in this case, the defendant need only have filed an affidavit indicating why it was unable to present facts essential to justify its opposition to the unrevised complaints and the fact that, once the complaints were revised, it would be in position to present such facts. Under such circumstances, the court would have been justified in granting the defendant one of the forms of relief specified in Practice Book § 382.
In fact, the defendant filed no such affidavits. At oral argument, the court asked the defendant to specify how the outcome of its requests to revise would affect the validity of the plaintiff's motions for summary judgment, but the defendant was unable to provide a specific response.
Although the practice of seeking and granting summary judgment on a complaint which is not yet in its final form is not one to be encouraged, where, as here, a defendant neither avails itself of those Practice Book procedures designed to protect it nor offers any basis for concluding that the finalized complaint would leave the material facts in a different posture, summary judgment may still be appropriate.
Under the circumstances of these two cases, the plaintiffs have shown that there are no material facts in dispute as to Count 1 of each complaint and that they are entitled to judgment as a matter of law. The defendant having presented no affidavits establishing that they are simply unable at this time to present facts essential to justify their opposition, the motions for summary judgment are granted.
Jonathan E. Silbert, Judge