[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT
This case arises out an incident in which the plaintiff, a tenant on premises owned by the defendant, was bitten by a dog owned by another tenant. The first count of the complaint alleges that the defendant breached her duty to the plaintiff by, inter alia, permitting the other tenant to keep a dog despite provisions in the lease to the contrary, by failing to have the dog removed from the premises and by failing to have the owner evicted. The second count is essentially a premises liability count based on the same underlying set of facts.
The defendant has moved for summary judgment as to both counts, claiming that there are no material facts in dispute and that she is entitled to judgment as a matter of law.
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Conn. Practice Book § 384; Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994); Telesco v. Telesco, 187 Conn. 715,447 A.2d 752 (1982); Yanow v. Teal Industries, Inc., 178 Conn. 262,422 A.2d 311 (1979). A "material" fact is one which will make a difference in the outcome of the case. Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). In CT Page 5324 ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist. Michaud v. Gurney, 168 Conn. 431,362 A.2d 857 (1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Dowling v. Kielak, 160 Conn. 14, 273 A.2d 716 (1970);Dorazio v. M.B. Foster Electronic Co., 157 Conn. 226, 253 A.2d 22
(1968). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 780-81, 595 A.2d 334 (1980).
The defendant has approached the first count as though it were a statutory action brought pursuant to General Statutes § 22-357, which imposes liability for dog bites on an owner or a "keeper" which is defined as "any person, other than the owner, harboring or having in his possession any dog." General Statutes § 22-327 (6). Although, in his reply brief, the plaintiff appears to acknowledge that this count is brought pursuant to the statute, the language of the pleading itself makes no reference whatever to the statute. Significantly, there is no allegation that the defendant was the owner or keeper of the dog in question, so that other than the reference to the statute in the memorandum of law in opposition to summary judgment, there is no particular reason to believe that this is other than a common law negligence count based on an alleged breach of the duties enumerated in that count. The second count was quite clearly a straightforward common law premises liability claim.
Because neither count implicates General Statutes § 22-357, the recent decision in Lesczczynski v. Denzel, No. CV96-329513-S, judicial district of Fairfield at Bridgeport (July 31, 1996, Hauser, J.) does not apply. Viewing both counts of the complaint as common law negligence claims, the pleadings and affidavits leave in dispute sufficient facts concerning liability such that the defendant is not entitled to summary judgment as a matter of law.
The motion for summary judgment is therefore denied.
Jonathan E. Silbert, Judge CT Page 5325