[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTIONS FOR SUMMARY JUDGMENT
In this action the plaintiff seeks to recover underinsured motorist proceeds from the defendant for injuries he received in an automobile accident. Prior to trial the parties stipulated to the underlying facts and each filed motions for summary judgment on the issue of whether the plaintiff has a valid underinsured motorist claim.
The parties stipulated to the following facts.
1. On August 8, 1994, the plaintiff, Sean Doyle ("Doyle"), was the owner and operator of a 1992 Chevrolet S10 Blazer which was traveling in an easterly direction on Academy Road in Cheshire, Connecticut. CT Page 1599
2. At this time, Doyle was the sole occupant of his vehicle.
3. At the same time, Angela Catone ("Catone") was the owner and operator of a 1987 Nissan Sentra which was proceeding in a westerly direction on Academy Road in Cheshire, Connecticut.
4. At the above time and place, Doyle was struck head-on by the Catone vehicle which had crossed the center line.
5. Doyle is claiming injuries resulting from this accident.
6. At the time of the accident, Doyle was insured by the defendant, Metropolitan Property and Casualty Insurance Company ("Metropolitan") with underinsured motorist coverage of $100,000 per person/$300,000 per accident.
7. A true and accurate copy of the policy in effect between Doyle and Metropolitan on August 8, 1994 is attached hereto as Exhibit A.
8. At the time of the accident, Catone had a $100,000 single limit liability policy issued by Liberty Mutual Insurance Company.
9. Doyle has been paid $33,382 under the Liberty Mutual policy for property damage and personal injuries.
10. The Catone policy has been exhausted by payments made to Doyle and to the estate of a deceased passenger in the Catone vehicle.
11. Doyle has brought the present action against Metropolitan for underinsured motorist benefits.
12. There are no other persons making an uninsured or underinsured motorist claim against the Metropolitan policy.
13. Catone was covered under no other liability policies which are available to satisfy Doyle's claim.
14. Doyle is covered under no other policies which are available to cover his claim.
Summary judgment must be granted if the pleadings, CT Page 1600 affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Conn. Practice Book § 384; Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994); Telesco v. Telesco, 187 Conn. 715,447 A.2d 752 (1982); Yanow v. Teal Industries. Inc., 178 Conn. 262,422 A.2d 311 (1979). A "material" fact is one which will make a difference in the outcome of the case. Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist. Michaud v. Gurney, 168 Conn. 431,362 A.2d 857 (1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Dowling v. Kielak, 160 Conn. 14, 273 A.2d 716 (1970);Dorazio v. M.B. Foster Electric Co., 157 Conn. 226, 253 A.2d 22
(1968). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 780-81, 595 A.2d 334 (1980).
The determinative issue is whether the Catone vehicle is an underinsured vehicle in light of the plaintiff's underinsured motorist coverage of $100,000/$300,000 and the single limit liability coverage of $100,000. The plaintiff argues that since there was more than one claimant against the liability policy the court should compare the single limit $100,000 liability coverage to the $300,000 per occurrence underinsured coverage to allow recovery in this action. The defendant argues that the court should compare the single limit $100,000 liability coverage to the $100,000 per person underinsured coverage to preclude recovery in this action.
General Statutes § 38a-336(e) defines an underinsured vehicle as "a motor vehicle with respect to which the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of liability under the uninsured motorist portion of the policy against which claim is made under subsection (b) of this section."
The defendant argues that the language of the statute clearly supports its position by specifying that the applicable limits of CT Page 1601 liability must be less than the applicable limits under the uninsured policy, and that applicable means those limits available to the plaintiff. The insurance contract between the parties similarly provides for the applicable limits. Accordingly, the defendant argues, since the most the plaintiff individually could recover under either policy is $100,000, theapplicable limits of the liability are not less than the uninsured and the statute mandates a denial of coverage. The defendant argues that the applicable limits under §38a-336(e) are those available to the plaintiff when there are multi claimants.
D'Arcangelo v. Hartford Casualty Ins. Co., 44 Conn. App. 377
(1997), a decision released subsequent to oral argument in this case, is dispositive. Relying on Covenant Ins. Co. v. Coon,220 Conn. 30, 34 (1991), the Court found that § 38a-336(e) should be interpreted to conclude that the total of the per person limit is the amount of uninsured insurance available to the claimant.44 Conn. App. at 380-381. In D'Arcangelo there were multi claimants, as there are here, and the Court held that despite that fact the limits available to the plaintiff were the per person uninsured coverage and not the per occurrence coverage. Accordingly, since here the per person coverage of the uninsured is $100,000, as is the single limit liability coverage, the vehicle is not underinsured.
In adhering to the Appellate Court's holding in D'Arcangelo,
this court is troubled by the language regarding the policy behind the statute in American Motorists Ins. Co. v. Gould,213 Conn. 625, 632 (1990), also cited in the D'Arcangelo decision (44 Conn. App. at 379):
 Courts construing statutes like 38-175c that compare uninsured motorist coverage limits with tortfeasor liability limits have generally held that the legislative objective was simply to give an insured who is injured in an accident the same resource he would have had if the tortfeasor had carried liability insurance equal to the amount of the insured's uninsured motorist coverage.
213 Conn. at 632.
Clearly here, the tortfeasor did not have liability coverage equal to the uninsured coverage held by the plaintiff. Nevertheless, because our appellate courts have interpreted CT Page 1602 "applicable limits" in § 38a-336(e), to be those limits available to the plaintiff under the per person coverage, this court is bound. The vehicle in which the plaintiff was a passenger was not an underinsured under § 38a-336(e).
For the foregoing reasons, judgment may enter in favor of the defendant.
DiPentima, J.