[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE MOITON FOR SUMMARY JUDGMENT
The plaintiff brought this action in two counts alleging that the defendant insurance agency negligently failed to provide her with certain coverage under her tenant's insurance policy and in so doing breached its contract with the plaintiff. The defendant raised two special defenses which are not relevant to this motion. CT Page 3547
The defendant filed this Motion for Summary Judgment claiming that there exists no genuine issue as to any material fact of causation and that any loss suffered by the plaintiff is not attributable to the conduct of the defendant. In support of its motion, the defendant has submitted an affidavit with attached correspondence to show that the denial of benefits is not as a result of a denial of coverage.
The plaintiff claims in the first count of her complaint that she had secured a tenant's insurance contract with Connecticut Union Insurance Company[1] through the defendant. This insurance policy covered personal property. She further claims that on or about February 18, 1992, property of hers was stolen from her motor vehicle, and shortly thereafter she made a claim under her insurance policy. She received $20,682.00 but claims that she was entitled to more under replacement cost coverage which she discovered at the time of the claim was not in effect. She alleges that the defendant negligently failed to obtain the replacement cost coverage she had requested so that she suffered an economic loss. In the second count she alleges the same facts and claims a breach of contract.
The defendant files this motion for summary judgment claiming that the affidavit and accompanying documents show that the denial of further benefits was not due to a denial of coverage. The affiant is Diane McCarthy, formerly known as Diane Tretheway, who was the claims adjuster for Worcester Insurance Company who processed the plaintiff's claim. Attached to the affidavit are four letters she authored in the regular course of her business. Those letters reveal that the insurance company did process the claim for replacement cost coverage but "as a result of the apparent attempt on the part of Ms. Rinnella-Ricca to misrepresent replacement of the items claimed," it denied further payments beyond the cash value of $20,682.
In response to the Motion and affidavit, the plaintiff filed an affidavit alleging simply that she discovered she did not have cost replacement coverage and that the defendant failed to provide her with the coverage.
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Conn. Practice Book § 384; Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105, CT Page 3548639 A.2d 507 (1994); Telesco v. Telesco, 187 Conn. 715,447 A.2d 752 (1982); Yanow v. Teal Industries. Inc., 178 Conn. 262,422 A.2d 311 (1979). A "material" fact is one which will make a difference in the outcome of the case. Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist. Michaud v. Gurney, 168 Conn. 431,362 A.2d 857 (1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Dowling v. Kielak, 160 Conn. 14, 273 A.2d 716 (1970);Dorazio v. M.B. Foster Electric Co., 157 Conn. 226, 253 A.2d 22
(1968). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 780-81, 595 A.2d 334 (1980).
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . [the nonmovant] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with . . . evidence disclosing the existence of such a disputed issue . . . . It is not enough, however, for the opposing party merely to assert the existence of such disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court." (Citations omitted; internal quotation marks omitted.) Home Insurance Co. v. AetnaLife Casualty Co., 235 Conn. 185, 202 663 A.2d 1001 (1995).
The defendant here has submitted evidence that the denial of additional benefits to the plaintiff was not related to the defendant's failure to obtain cost replacement coverage. Beyond the plaintiff's bare assertion that she was not covered, the plaintiff has presented no other evidence to counter the defendant's proof. That assertion does not create a genuine issue as to a material fact.
For the foregoing reasons, the motion for summary judgment is granted in favor of the defendant.
Alexandra Davis DiPentima, Judge CT Page 3549