[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
This lawsuit arises out of the sale of real property located at 776-780 State Street, New Haven. On or about October 28, 1993, the plaintiffs, Robert and Susan Frew ("Frews") purchased the property from the defendants GTT Corp. ("GTT") and Fleet Bank; (formerly Shawmut Bank) ("Fleet"). The Frews have brought this lawsuit against, inter alia, GTT and Fleet alleging, 1) fraud in connection with the sale of the property and 2 violation of the Connecticut Unfair Trade Practices Act ("CUTPA"). GTT and Fleet have moved for summary judgment pursuant to Practice Book § 17-44, et seq. Oral argument was presented on the motion on September 21, 1998 and both sides have submitted detailed memoranda of law. For the reason set forth below. the motion for summary judgment is denied.
Summary judgment shall be rendered if the pleadings and proof show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. P.B. § 17-49. Summary judgment is designed to eliminate the delay and expense incident to a trial where there is no real issue to be tried. Dowing v. Kielak, 160 Conn. 14, 16 (1970). The party seeking summary judgment has the burden of showing the nonexistence of any material fact. Connell v. Colwell,214 Conn. 242, 246 (1990). Once the moving party has presented evidence in support of the motion, the opposing party must present factual evidence demonstrating the existence of some disputed factual issue. Burns v. Hartford Hospital, 192 Conn. 451, 455 (1984). Such evidence must be presented in affidavit form, mere statements of legal conclusions or that an issue of fact exists are not sufficient. United Oil Co. v. Urban RedevelopmentCommission, 158 Conn. 364, 377 (1969). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Connell v. Colwell, supra 246-247. CT Page 11593
After the Frews acquired the property, they learned that the residential apartment units were illegal. Not only did the apartment units lack a Certificate of Occupancy ("co") issued by the city, but in order to bring the units into compliance with the applicable law, a zone change was required. The parties agree that the Frews knew about the lack of CO's prior to the closing and, despite having an opportunity to do so, did not check into the legal status of the units with any city officials. The parties also agree that GTT and Fleet sold the building to the Frews "as us."
GTT and Fleet assert that these facts coupled with the language in the sales contract (stating that there were no warranties or representations except as stated in the agreement), entitles them to summary judgment in their favor.
The Frews, on the other hand, claim that while they knew about the lack of CO's they did not know that the residential units were illegal. Specifically, they assert that they had no knowledge of the need for a zone change to bring the units into compliance. They further assert that the production of a rent roll describing the units as "apartments" misled them into believing that the units were legal but for the technicality of paying for a CO from the city. In addition, they point to internal memoranda between GTT and its property manager that suggests that the need for a zoning variance was known to the defendants. In sum, the Frews claim that the affirmative conduct of the defendants in its representations about "apartments" contained in the rent roll and the nondisclosure of the need for a zoning change to make the units legal, amounts to actionable fraud. The Frews claim that this same conduct violates CUTPA. Based on these factual assertions they object to summary judgment.
Viewing the evidence in the light most favorable to me nonmoving party, the court concludes that a genuine issue of material fact exists in this case. In particular, whether the nondisclosure of the need for a zone change amounted to common law fraud is a disputed issue that is material to this lawsuit. Accordingly, the motion for summary judgment is denied.
So Ordered at New Haven, Connecticut this 13th day of October, 1998. CT Page 11594
Devlin, J.