[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this product liability action, the plaintiff Travelers Property Casualty brought a one count complaint against the defendants Gerald Chirico d/b/a Green Mountain Hearthstone and/or Green Mountain Stone Company claiming damages from a fire to its insured's premises. The complaint alleges that a stone and hearth purchased from the defendants caused the fire. In a third party complaint dated August 4, 1999, the defendants allege product liability actions against third party defendants Edward Gutowski d/b/a Fire Power Services as the stove installer, Russo Products as the stove manufacturer, American Panel Co., as the hearth manufacturer and BAC Sales as the hearth distributor. The complaint seeks relief that these third party defendants be held liable for any damages that the plaintiffs prove.
By motion and memorandum dated June 8, 2000, the third party defendants BAC Sales, Inc. ("BAC") moves for summary judgment in its favor on the third party complaint. The third party defendant Russo Products ("Russo") similarly moves for summary judgment by motion dated July 10, 2000, and incorporates by reference the memorandum of law filed by BAC. The motions rest on the argument that these third party defendants cannot be liable in apportionment in a products liability action. The defendants Chirico and Green Mountain object to the motions on the ground that BAC and Russo can be allocated responsibility share of the plaintiffs damages under General Statutes §§ 52-572o(b) and 52-102a.
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 17-49; Alvarez v. New Haven Register,Inc., 249 Conn. 709, 714 (1999); Rivera v. Double A Transportation.Inc., 248 Conn. 21, 24 (1999); Orkney v. Hanover Ins. Co., 248 Conn. 195,201 (1999). A "material" fact is one which will make a difference in the outcome of the case. Morascini v. Commissioner of Public Safety,236 Conn. 781, 808 (1996). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist. Michaud v. Gurney, 168 Conn. 431, 433
(1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Dowlingv. Kielak, 160 Conn. 14, 16 (1970); Dorazio v. M.B. Foster ElectronicCo., 157 Conn. 226, 228 (1968). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v.Carriage Lane Associates, 219 Conn. 772, 781 (1991).
In their third party complaint, Chirico and Green Mountain allege that CT Page 10291 the third party defendants BAC and Russo are product sellers within the meaning of General Statutes § 52-572m (a). They allege that BAC distributes hearths and mats for stoves to Green Mountain, which sold a mat and/or hearth to the plaintiffs insureds and that Russo manufactured the subject stove that was shipped to Green Mountain, which then sold the stove to the plaintiffs insureds. As to each third party defendant, Chirico and Green Mountain allege,
 17. If Travelers proves its allegations against Green Mountain, BAC [Russo] is partially or entirely liable for the insureds' alleged property damage within the meaning of Act § 52-572m et seq.
 18. If Travelers proves its allegations against Green Mountain, BAC [Russo] was a substantial factor in causing the insureds' alleged damages.
(Third Party Complaint dated 8/4/99; Count Two, Count Four).
The Supreme Court has most recently reaffirmed that the legislature intended to exclude products liability from apportionment under General Statutes § 52-572h as amended by P.A. 99-69. Allard v. Liberty OilEquipment, 253 Conn. 787, 803-05 (2000); see also Paul v. McPheeElectrical Contractors, 46 Conn. App. 18, 21 (1997). Thus, this third party complaint for apportiomnent is not authorized under General Statutes § 52-572h.
The defendants Chirico and Green Mountain do not contend that this complaint is brought under General Statutes § 52-572h nor do they contend that it is a complaint for contribution or indemnification as authorized under General Statutes § 52-572o (e) and Malerba v. CessnaAircraft, Co., 210 Conn. 189 (1989). It is their position that the complaint is brought to allocate responsibility as authorized by General Statutes § 52-572o (b) which provides:
In any claim involving comparative responsibility, the court may instruct the jury to give answers to special interrogatories, or if there is no jury, the court may make its own findings, indicating (1) the amount of damages each claimant would receive if comparative responsibility were disregarded, and (2) the percentage of responsibility allocated to each party, including the claimant, as compared with the combined responsibility of all parties to the action. For this purpose, the court may decide that it is appropriate to treat two or more persons as a single party. CT Page 10292
They also rely on General Statutes §§ 52-102a and 52-577a, which the court in Malerba read in harmony, as providing the authority and procedure by which to implead third parties in a product liability action.[1]
In Malerba and the cases cited by the defendants Chirico and Green Mountain, the third party complaints have sounded in contribution and/or indemnification, which are specifically authorized by the statute, §52-572o (e), and case law. The only products liability case presented to this court where a count sounding only in apportionment is addressed in a third party complaint is the Superior Court decision of Pereira v. DarienRental Service, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 306520 (February 1, 1995, Thim, J.). The court agrees with the reasoning of Judge Thim that a third party apportionment action cannot be brought pursuant to General Statutes § 52-102a in this product liability action.
 In a products liability action, the trier of the first-party claim is required to apportion liability among the plaintiff and the defendants. Subsection (b) of § 52-572o requires the trier to compare the responsibility of all parties to the action and to make findings as to the percentage of responsibility allocated to each party. Subsection (c) of § 52-572o
provides: "[i]n determining the percentage of responsibility, the trier of fact shall consider, on a comparative basis, both the nature and quality of the conduct of the party." Subsection (d) of § 52-572o
provides in part: "[t]he judgment shall also specify the proportionate amount of damages allocated against each party liable, according to the percentage of responsibility established for such party." These provisions do not authorize the trier of the first-party claim to include in the apportionment formula a third-party defendant. The apportionment formula is concerned only with those who are parties to the first party claim.
Id.
Under General Statutes § 52-572o (d) the judgment against the parties liable is based upon "common law joint and several liability of joint tortfeasors. Apportionment cannot exist with joint and several liability. Nevertheless, the legislature has included an apportionment framework in products liability for purposes of indemnification and CT Page 10293 contribution. Roma v. Daisy Manufacturing Company, 775 F. Sup. 41, 42
(D.Conn. 1991)("product liability in Connecticut is joint and several liability with a right of contribution based upon comparative responsibility under Conn. Gen. Stat. § 52-572o"); see also Malerbav. Cessna Aircraft Co., supra, 210 Conn. 198 (comparative responsibility principles serve as foundation for indemnification).
Because the third party complaint sounds in neither contribution nor indemnification, it is not authorized under General Statutes § 52-572o. Accordingly, summary judgment shall enter in favor of the third party defendants BAC and Russo on the third party complaint.
Alexandra D. DiPentima, J.