[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 11513
In this product liability action, the defendant Bruce Cable moves for summary judgment to enter in his favor. The plaintiffs Norman Terry and Francis Terry seek damages from this defendant and the defendant Palace Aids, Inc. as a result of a fire. The plaintiffs allege that the defendants are liable under the product liability act (General Statutes § 52-572m et seq.) in selling and installing a defective wood stove, stove piping and stove collar at the plaintiffs' premises.
The complaint as revised September 28, 1999, sounds in two counts. The second count addresses the movant defendant Cable. He filed an answer and special defense, which included a denial of the allegation that he was a product seller. He brings this motion on the grounds that there is no genuine issue as to any material fact that he is not a product seller and that the plaintiff's claim is barred by the statute of limitations under General Statutes § 52-577a.[1]
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 17-49; Alvarez v. New Haven Register,Inc., 249 Conn. 709, 714 (1999); Rivera v. Double A Transportation,Inc., 248 Conn. 21, 24 (1999); Orkney v. Hanover Ins. Co., 248 Conn. 195,201 (1999). A "material" fact is one which will make a difference in the outcome of the case. Morascini v. Commissioner of Public Safety,236 Conn. 781, 808 (1996). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist. Michaud v. Gurney, 168 Conn. 431, 433
(1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Dowlingv. Kielak, 160 Conn. 14, 16 (1970); Dorazio v. M.B. Foster ElectronicCo., 157 Conn. 226, 228 (1968). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v.Carriage Lane Associates, 219 Conn. 772, 781 (1980).
Accompanying his December 29, 1999 motion, Cable filed a supporting memorandum as well as an affidavit averring, inter alia, that he is not in the business of manufacturing, designing, engineering, assembling, inspecting, testing, distributing or selling suspended ceiling tiles, Swedish stoves, stove piping or stove collars and that he did not purchase or sell the suspended ceiling tiles that are the subject of the CT Page 11514 plaintiffs' claim. The affidavit also avers that he does not charge or collect sales tax and that he either obtains items for customers for which he is reimbursed or the customers provide the items themselves. The plaintiffs filed an opposition to Cable's motion for summary judgment on August 7, 2000.[2] The plaintiffs argue that Cable is a product seller pursuant to Connecticut law and that the ten-year statute of repose is not applicable where the defective product remains within its useful life. The plaintiffs filed supporting affidavits averring, inter alia, that Cable and/or defendant Palace Aids provided all of the piping, collar, and component parts used in the installation of the stove. The plaintiffs also supplied the affidavit of James K. O'Neill where he avers, inter alia, that the duct piping is still usable. The plaintiffs also supplied a copy of Cable's deposition testimony which includes testimony he paid sales tax on the items he purchased and that he, in turn, collected that from the customer.
Turning first to the argument that Cable is not a product seller as that term is used under the products liability, the court looks first to the words of the applicable statutory provisions. "A product liability claim . . . may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product." General Statutes § 52-572n(a). "A claim may be asserted successfully under said sections notwithstanding the claimant did not buy the product from or enter into any contractual relationship with the product seller." General Statutes § 52-572n(b). `Product seller' means any person or entity, including a manufacturer, wholesaler, distributor or retailer who is engaged in the business of selling such products whether the sale is for resale or for use or consumption. The term `product seller' also includes lessors or bailors of products who are engaged in the business of leasing or bailment of products." General Statutes § 52-572m(a). "`Manufacturer' includes product sellers who design, assemble, fabricate, construct, process, package or otherwise prepare a product or component part of a product prior to its sale to a user or consumer. It includes a product seller or entity not otherwise a manufacturer that holds itself out as a manufacturer." General Statutes § 52-572m(e).
The Supreme Court noted in Zichichi v. Middlesex Memorial Hospital,204 Conn. 399, 403 (1987), that "to maintain a product liability action under § 52-572m et seq., the plaintiff must establish and prove, inter alia, that . . . the defendant was engaged in the business of selling the product . . . [and] the defect existed at the time of the sale." (Emphasis in original; internal quotation marks omitted.) It went on to say that "[o]nce a particular transaction is labeled a `service' as opposed to a `sale' of a `product' it is outside the purview of our product liability statute." Id. CT Page 11515
Cable cites to Paul v. McPhee Electrical Contractors, 46 Conn. App. 18,23 (1997), as authority for his contention that he is not a product seller. In Paul v. McPhee Electrical Contractors, the issue of whether the defendant was a product seller was before the court on a motion to strike. The court found that the electrical contractor was only the installer of the light fixture, stating "[n]owhere is it alleged that the defendant was in the business of selling or leasing light fixtures . . ., or was involved in placing light fixtures into the stream of commerce." Id. For this reason. the court determined that the defendant was not a product seller as defined in § 52-572m (a). Id. Here we have the appropriate allegation in the revised complaint.[3] The court reads Paul v. McPhee Electrical Contractors, supra, as holding that it is necessary to plead the appropriate allegations under 52-572m(a), which the plaintiffs have done here. It does not stand for the proposition that an installer may not also be a product seller.
In the plaintiffs' affidavits they state that they only provided the wood stove and its parts and did not provide Cable with "any additional piping, collar, or other component parts used for the exhaust system of the wood stove. . . ." (N. Terry Aff. ¶ 5; F. Terry Aff. ¶ 5.) They further state that "[u]pon information and belief, Bruce Cable and/or Palace Aids, Inc. provided all of the piping, the collar, and the component parts that were in use at the Premises at the time of the Fire." (N. Terry Aff. ¶ 8; F. Terry Aff. ¶ 8.) In addition, they provide a copy of Cable's deposition testimony wherein Cable states that he bought the metal chimney, rain cap, and flashing but did not purchase the interior piping or collar. He goes on to state that when he charged the Terrys by the job, he did not separate the charges for labor and materials. Based upon the affidavits submitted by the parties, there exists a genuine issue as to a material fact on the issue of whether Cable supplied or sold products to the plaintiffs. This issue should be presented to the trier of fact. See DeLaurentis v. New Haven, 220 Conn. 225,252-53 (1991) ("when the facts themselves are disputed, the court may submit the issue . . . in the first instance to a jury as a mixed question of fact and law").
The defendant also argues that the plaintiffs' action is barred by the applicable statute of limitations found in General Statutes § 52-577a. "The ten-year limitation provided for in subsection (a) shall not apply to any product liability claim brought by a claimant who is not entitled to compensation under chapter 568, provided the claimant can prove that the harm occurred during the useful safe life of the product. In determining whether a product's useful safe life has expired, the trier of fact may consider among other factors: (1) The effect on the product of wear and tear or deterioration from natural causes; (2) the effect of CT Page 11516 climactic and other local conditions in which the product was used; (3) the policy of the user and similar users as to repairs, renewals and replacements; (4) representations, instructions and warnings made by the product seller about the useful safe life of the product; and (5) any modification or alteration of the product by a user or third party." General Statutes § 52-577a(c). Cable installed the collar and piping in 1978. Thus, the question with regard to these products is whether they were still within their useful safe life.
The plaintiffs proffered the affidavit of James K. O'Neill, a senior engineering specialist from Travelers Property Casualty Company in support of their claim that the exhaust piping was within its useful life when the fire occurred. Referring to his examination of the duct piping four months after the fire, he states that: "[t]he structural integrity of the single-wall duct piping remains intact." (O'Neill Aff. ¶ 6.) He further states that "[p]rior to the fire, the structural integrity of the single wall duct piping and thimble would have been in a condition to accomplish its intended purpose, that is direct the flue gas to the exterior of the structure." (O'Neill Aff. ¶ 7.)
In view of O'Neill's affidavit and because § 52-577a(c) specifically states that the "trier of fact" may consider certain factors in determining whether the useful safe life of a product has expired, a material issue of fact for the trier exists with regard to whether the exhaust assembly was within its useful safe life when the fire occurred.
For the foregoing reasons, the motion for summary judgment is denied
DiPentima, J.