[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (NO. 112)
The defendant, Town of Fairfield, filed a Motion for Summary Judgment (docket entry no. 112) on December 28, 2000. It is noted that this motion was filed at a time that required (pursuant to Practice Book § 17-44) a Motion for Leave to File (docket entry no. 110).[1] The underlying action had a return date of November 25, 1997. The pleadings were closed by April, 1998. Allowing for all the vagaries of the practice of law, in a case where nothing new was learned or discovered after the close of pleadings, it is unreasonable for the summary judgment process to start more than eighteen months after the matter reached a ripe stage.
The significant court research resources required for a full and complete disposition of a summary judgment motion are scant, at best, and must be called upon at the earliest possible date. Counsel should always exert best efforts to address ripened, dispositive issues at the earliest date possible.
 STATEMENT OF FACTS
The plaintiff, Carol Fumo, claims that the Town of Fairfield was negligent in its operation of Lake Mohegan, a Town owned facility. Fumo CT Page 5646 used the Lake Mohegan and claims that ". . . while walking to the food stand located on the premises she was bumped into by a boy (hereinafter referred to as "John Doe") with such force as to throw the plaintiff to the ground, causing her to suffer damages and injuries." The plaintiff claims that the Town was negligent in that it was the duty of the Town to maintain the premises and supervise the premises in a reasonable manner and to keep it safe for the public use. Specifically, the plaintiff claims the Town was negligent in one or more of the following ways:
• the Town failed to control the premises to ensure[2] the safety of the public located on the grounds;
• the Town failed to provide adequate supervision on the premises to ensure the safety of the public;
• the Town failed to adequately inspect said premises and warn the plaintiff of the dangers of children playing and running about; and,
• that the Town failed to maintain said premises in a reasonable and safe condition.
The Town has asserted, in the instant motion, that the plaintiff's entire action is barred by the doctrine of municipal immunity.
Lake Mohegan is recreational property located in the Town of Fairfield. It consists of a fresh water lake with sand and other beach-like accouterments. It is open to the public. On July 10, 1996, the plaintiff was a user of Lake Mohegan. She alleges that, on the way to the food stand, she was bumped by an unknown and unidentified young boy and knocked to the ground. The fall to the ground allegedly caused her injuries.[3]
There are no other parties to this suit other than the Town of Fairfield. The plaintiff does not identify any town employee or officer for any allegedly negligent acts or omissions which may have caused her injuries. The defendant moves for summary judgment.
 STANDARD OF REVIEW
"Summary judgment shall be rendered forthwith if the pleadings . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Conn. Prac. Bk. § 17-49; Alvarez v. New Haven Register, Inc., 249 Conn. 709,714, 735 A.2d 306 (1999); Elliot v. Waterbury, 245 Conn. 385 (1998);Peerless Ins. Co. v. Gonzalez, 241 Conn. 476, 481, 697 A.2d 680 (1997). The question of municipal or governmental immunity is a question of law CT Page 5647 and may be decided by a motion for summary judgment. Elliot v.Waterbury, 245 Conn. 385 (1998); Purzycki v. Town of Fairfield,244 Conn. 101, 108, 708 A.2d 937 (1998). The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Dowling v. Kielak, 160 Conn. 14, 273 A.2d 716
(1970); Dorazio v. M.B. Foster Electric Co., 157 Conn. 226, 253 A.2d 22.
 MUNICIPAL IMMUNITY
Municipal immunity was codified, in part, by Conn. Gen. Stat. §52-557n. which provides in pertinent part:
 "(a)(1) Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) the negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties; (B) negligence in the performance of functions from which the political subdivision derives a special corporate profit or pecuniary benefit; and (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance; provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149.
 (2) Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by: (A) acts or omissions of any employee, officer or agent which constitute criminal conduct, fraud, actual malice or wilful misconduct; or (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law."
"The scope of municipal immunity is defined in Conn. Gen. Stat. §52-557n and in part by common law principles concerning such immunity."Elliot v. Waterbury, 245 Conn. 385, 407-8, 715 A.2d 27 (1998).[4]
In the instant case, the plaintiff has named only the Town as a defendant and makes no reference to any statute or provision which abrogates the general rule of municipal immunity. The Supreme Court inWilliams v. New Haven, 243 Conn. 763, 769, 707 A.2d 1251 (1998), CT Page 5648 precisely summarized the application of the doctrine of municipal immunity under these circumstances as follows:
 "Because it is clear that a municipality enjoys governmental immunity for common-law negligence, unless a statute has limited or abrogated that immunity, the plaintiffs cannot prevail. The plaintiffs do not rely on any such statute, and they have failed to name an agent, officer or employee of the municipality and to invoke indemnification pursuant to § 7-465. The doctrine of governmental immunity, therefore, is fatal to their cause of action against the defendant."[5]
 CONCLUSION
The dispositive issue in this motion is whether the plaintiff may maintain a negligence action against the defendant, in the absence of a statute expressly providing for such municipal liability.[6]
The answer is a clear negative. The defendant's Motion for Summary Judgment (docket entry no. 112) is granted. Judgment enters in favor of the defendant.
BRENNAN, J.