[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANT'S GEICO CASUALTY COMPANY MOTION FOR SUMMARY JUDGMENT
By this motion the defendant, Geico Casualty Insurance Company (Geico), claims there is no material issue of fact and that it is entitled to judgment pursuant to Connecticut's Uninsured/Underinsured Motorist law, as well as the provisions of the Geico Automobile Policy of Insurance applicable at the time of this incident. The defendant claims that the automobile which the plaintiff owned and was driving at the time of the accident, was only insured by Kemper d/b/a Lumbermen's Mutual Insurance Co. Accordingly, plaintiff is limited to the uninsured motorist coverage of that policy and Geico has no financial responsibility to the plaintiff.
The plaintiff Vincent Belletto, does not contest that he was the owner/operator of the 1987 Chevrolet Corvette which was involved in a single vehicle collision on February 11, 1999. Nor, does the plaintiff dispute that this automobile was a listed vehicle on an insurance policy issued by the defendant, Kemper Casualty, but was not a listed vehicle on a policy he carried with Geico. The plaintiff argues that he carried uninsured coverage through Geico for other vehicles that he owned, and the provisions of Section 1 of that policy entitle him to coverage as "secondary coverage" in this instance.
Standard
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. P.B. § 17-49; Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 105, 639 A.2d 507 (1994); Yanow v. Teal Industries, Inc.,178 Conn. 262, 268, 422 A.2d 311 (1979). A "material" fact is one which will make a difference in the outcome of the case. Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). In ruling CT Page 14479 upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist.Michaud v. Gurney, 168 Conn. 431, 432, 362 A.2d 857 (1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Dowlingv. Kielak, 160 Conn. 14, 16, 273 A.2d 716 (1970); Dorazio v. M.B. FosterElectronic Co., 157 Conn. 226, 228, 253 A.2d 22 (1968). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772,780-781, 595 A.2d 337
(1980).
Discussion
"Our Supreme Court and Appellate Court repeatedly have held that the only manner and extent to which an insurer may limit its liability for underinsured motorist benefits to an insured-claimant is (1) if the insurer's policy of insurance so provides, and (2) the provision in the policy of insurance complies with General Statutes § 38a-336 or §38a-334-6 of the Regulations of Connecticut State Agencies." Ohmes v.Government Employees Insurance Company, 1995 Ct. Sup. 950, No. 316002, Superior Court Judicial District of Fairfield (Jan. 11, 1995, Levin, J.) Connecticut General Statute § 38a-336 (d) provides as follows:
 If any person insured for uninsured and underinsured motorist coverage is an occupant of an owned vehicle, the uninsured and underinsured motorist coverage afforded by the policy covering the vehicle occupied at the time of the accident shall be the only uninsured and underinsured motorist coverage available.
Regulation of Connecticut State Agencies § 38a-334-6 (c)(2)(A) also authorizes the exclusion of uninsured motorist coverage where the uninsured vehicle is owned by the named insured.
Nonetheless, the plaintiff argues that the policy which Geico issued to the plaintiff for his other vehicles, read in whole, provides for uninsured coverage on the Corvette. Or, at least, the policy is ambiguous concerning this issue. The court is not persuaded. Section IV, subsection "Other Insurance," of Geico's policy clearly addresses the scenario in this case:
". . . If the insured is occupying an auto owned by that insured, only CT Page 14480 the Uninsured/Underinsured Motorists Coverage applicable to that auto will apply, and no other policies or provisions of coverage will apply." Moreover, this section is in complete accord with Connecticut General Statute § 38a-336 (d).
The court finds that the recovery that the plaintiff seeks from the defendant, Geico, is precluded under Connecticut law and the unambiguous provisions of the insurance policy issued to the plaintiff by Geico. For these reasons, the motion for summary judgment is granted.
___________________ WOLVEN, JUDGE CT Page 14481