RUSCO INDUSTRIES, INC. *v*. HARTFORD HOUSING
AUTHORITY ET AL.

HOUSE, C. J., LOISELLE, MACDONALD, BOGDANSKI and LONGO, JS.

Argued December 10, 1974—decision released February 18, 1975

1

2

*Louis M. Winer,* with whom was *J. Michael Sulzbach,* and with whom, on the brief, was *David S. Maclay,* for the appellants (defendants Manway Construction Company, Inc., and Damar Construction Corporation).

*Frank W. Estes,* for the appellant (defendant Fidelity and Deposit Company of Maryland).

*Morris Apter,* for the appellee (named defendant).

*Abraham B. Beiser,* for the appellee (plaintiff).

LOISELLE, J. The plaintiff, Rusco Industries, Inc., brought this action in a single count against the Hartford Housing Authority, hereinafter referred to as the Housing Authority; the general contractors, Manway Construction Company, Inc., and Damar Construction Corporation, hereinafter referred to as the general contractor; and a surety, Fidelity and Deposit Company of Maryland, hereinafter referred to as Fidelity. Summary judgments were rendered against all the defendants on the issue of liability. After a hearing in damages, judgment for $21,096 was rendered against the general contractor and Fidelity. These two defendants have appealed.

The plaintiff alleged a subcontract with the general contractor to furnish windows and frames in

the amount of "$93,346" with payment of $72,260 leaving "still due and owing the sum of $21,096.00." The plaintiff alleged that by virtue of its installation of windows and frames the Housing Authority "has the benefit of the plaintiff's property and has been unjustly enriched thereby to the extent of $21,096.00." The plaintiff further alleged that Fidelity issued a performance and payment bond as surety to the Housing Authority, that demand for payment of $21,096 was made on all defendants, and that it had not received that sum.

After the defendants had filed their answers and special defenses, the plaintiff moved for summary judgment against all defendants. The plaintiff's affidavit, by its agent, recited that windows and frames had been installed in the Housing Authority, that on August 23, 1971, no representative of the defendants was on the job, and that it would take about two weeks to finish its part of the job at a cost of about $2000. The general contractor filed a counter affidavit alleging that the prime contract, to which the subcontract and orders were subject, provided for periodic progress payments, that payments were to be made by the general contractor to the plaintiff under their agreement only to the extent that the general contractor had received payment for the plaintiff's work from the Housing Authority, and that all such obligations by the general contractor to the plaintiff were satisfied. The general contractor's counter affidavit also raised questions concerning the plaintiff's workmanship, that is, "certain windows installed by plaintiff in the vestibule areas of the project were not installed according to plans and specifications, and there is a claim that certain windows had been installed out of plumb."

The Housing Authority filed a counter affidavit claiming that it was not unjustly enriched and that it had instituted action against the general contractor for breach of contract and for the costs of correction of defects and completion.

The court denied summary judgment on February 16, 1972. The plaintiff moved to reargue the motion. The court then granted the motion nisi against the general contractor if no pleadings on any issue of law were filed in ten days. The court's memorandum on the reargument of the motion for summary judgment was filed April 11, 1972. The record indicates that the same memorandum was filed again on April 24, 1972, followed by motions by all parties. The Housing Authority filed an additional counter affidavit reciting in detail the claim of defective workmanship on the part of the plaintiff necessitating replacement and repair. On July 10, 1972, the court filed a "Final Memo on Motion for Summary Judgment." It is stated there that "[t]o bring this matter to a temporary conclusion, it is the opinion of this court that the summary judgment order already issued should include the defendants, general contractors and the Hartford Housing Authority. It is necessary to ascertain amounts held and owed by each. Plaintiff should apply for a hearing in damages to ascertain amounts due from each defendant." The judgment dated July 10, 1972, is against only the general contractor and the Housing Authority.

On February 9, 1973, the plaintiff moved for a summary judgment against Fidelity claiming that as summary judgment in liability was rendered against the general contractor, the "surety cannot stand in the better position than its principal."

Fidelity filed a long and detailed counter affidavit claiming breach of contract on the part of the Housing Authority and reciting the contract provisions between the plaintiff and the general contractor as to the schedule of payments previously shown in the general contractor's counter affidavit. It was also stated that the plaintiff did not complete its subcontract and that the "windows and door frames in the vestibule area of the project were not installed according to the plans and specifications." On February 16, 1973, the court rendered an interlocutory summary judgment against Fidelity on the issue of liability but held that there was a genuine issue of fact as to damages.

A hearing in damages was held and the court rendered a judgment of $21,096 against the general contractor and Fidelity.

The first error assigned by these two defendants, that the court erred in granting the plaintiff's motion for summary judgment, is dispositive of their appeal. Practice Book § 303 provides for judgment if "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." To oppose the motion for summary judgment successfully, the defendants had to recite facts in accordance with Practice Book § 300 which contradicted those stated in the plaintiff's affidavit. *Dougherty* v. *Graham*, 161 Conn. 248, 250, 287 A.2d 382; *Dorazio* v. *M. B. Foster Electric Co.*, 157 Conn. 226, 229, 253 A.2d 22. What a "genuine issue as to any material fact" may be was discussed at length in *United Oil Co.* v. *Urban Redevelopment Commission*, 158 Conn. 364, 260 A.2d 596. It was stated

therein that the test of the requirement for the granting of a summary judgment as a matter of law is resolved by applying to the established facts the same criteria as used in determining whether a party would be entitled to a directed verdict on the same facts. Id., p. 380. In determining the motion for summary judgment, the court is limited to deciding whether an issue of fact exists, but, in so doing, it cannot try that issue if it does exist. *Pine Point Corporation* v. *Westport Bank & Trust Co.*, 164 Conn. 54, 55, 316 A.2d 765; *Rathkopf* v. *Pearson*, 148 Conn. 260, 264, 170 A.2d 135.

On the pleadings and the affidavits, the parties were at issue on whether under the contract any money was due the plaintiff and whether the work and materials furnished were defective and, if so, to what extent. Also, the issue was raised as to whether the condition of nonpayment by the Housing Authority was the fault of, or created by, the Housing Authority or the general contractor. The ultimate issue involved a mixed question of fact and law which required an evidentiary hearing to determine the issues presented. Accordingly the plaintiff's motions for summary judgment should not have been granted. *Spencer* v. *Good Earth Restaurant Corporation*, 164 Conn. 194, 319 A.2d 403; *Pine Point Corporation* v. *Westport Bank & Trust Co.*, supra.

There is error, the judgments against Manway Construction Company, Inc., Damar Construction Corporation, and Fidelity and Deposit Company of Maryland for liability and damages are set aside and the case is remanded with direction to proceed according to law.

In this opinion the other judges concurred.