MARSHA KRON WARNER ET AL. *v.* MERCHANTS BANK & TRUST COMPANY ET AL.
(2472)

DUPONT, Acting C.P.J., HULL and SPALLONE, Js.

Argued October 2—decision released November 27, 1984

*Kevin A. Coles,* for the appellants (plaintiffs).

*John Keogh,* with whom, on the brief, was *Thomas J. Vetter,* for the appellee (named defendant).

SPALLONE, J. The plaintiffs, Marsha Kron Warner and Deborah Kron Smith, brought this action seeking damages for an alleged breach of fiduciary obligations owed to them arising out of a testamentary trust contained in the will of their father, Leon Kron.

Leon Kron died on March 14, 1971, leaving a will dated June 17, 1970, in which the defendant Merchants Bank and Trust Company[1] was named trustee of a residuary trust for the benefit of the plaintiffs. The will provided that the residue of the testator's estate was to be held in trust for the plaintiffs in the event that either or both were under the age of twenty-five at the time of the testator's death.[2] When Leon Kron died,

---

[1] The other defendants in this action are Tillie Thelen and the law firm of Lepofsky, Lepofsky and Lang. No affirmative claims were made against them. As used in this opinion, "defendant" hereinafter refers to Merchants Bank and Trust Company.

[2] Paragraph five of the testator's will provides as follows:

"All the rest, residue and remainder of my estate, to which I may be legally or equitably entitled, real, personal, mixed of every kind and description, and wheresoever situated of which I may die seized or possessed, or to which in any manner, I am entitled to at the time of my decease, including all lapsed legacies, and any part of my estate which may not have been effectually devised or bequeathed, and all property over which at the time of my death I shall have power of testamentary disposition, the whole being hereinafter referred to as my residuary estate, I give, bequeath and devise unto my daughters, MARSHA KRON and DEBORAH KRON, issue of my marriage to JANICE KRON, in equal shares absolutely.

"Should either of my daughters be under twenty-five (25) years of age

both of the plaintiffs were under the age of twenty-five.[3] Nearly ten years later, a mutual distribution agreement was signed by the plaintiffs and all interested heirs at law.[4] When the agreement was filed in the Norwalk Probate Court on January 30, 1981, both plaintiffs were over the age of twenty-five.

In their complaint, the plaintiffs allege that during the period from the date of their father's death to the filing of the distribution, the defendant, as trustee, had a duty to collect and distribute to them all income earned during the administration of the estate. The defendant moved for summary judgment on the grounds that it was not liable as a fiduciary and that the mutual distribution agreement served as full settlement of the

at the time of my decease, then her share shall go to the MERCHANTS BANK AND TRUST COMPANY, a banking institution located in the Town of Norwalk, in trust, however, until such daughter becomes twenty-five (25) years of age. THE MERCHANTS BANK AND TRUST COMPANY, as Trustee herein, shall, at its sole and own discretion, have the right to use both the corpus and income from whatever trusts as are created herein for the proper education and support of my daughters. During the continuance of the Trust, as is set forth herein, said trustee shall apply the income and/or the corpus thereof to the use of my daughters in such proportions and amounts equal or unequal as said trustee shall, in its sole and own discretion, determine to be fair and just under the circumstances, having regard to the needs, wants and abilities, and the desires and needs for education. In the event of unequal distribution of income or corpus among my daughters under the circumstances as set forth herein, it is my direction that there be no equalization or adjustment thereof."

[3] Marsha Kron Warner was born on October 3, 1953. Deborah Kron Smith was born on January 9, 1956.

[4] The parties to the agreement were the plaintiffs, the former wife of the decedent and the wife of the decedent as of the date of his death. All mutually agreed to divide, apportion and distribute the remaining property of the decedent among themselves, and to foresake all claims which any might have against the property assigned to the others. The agreement arose out of a probate appeal, *Helen Kron* v. *Appeal from Probate et al.*, Superior Court, Judicial District of Fairfield at Bridgeport, No. 77-0166864S (1981), in which the plaintiffs herein were named as defendants.

plaintiffs' claims. The trial court rendered summary judgment for the defendant, and the plaintiffs have appealed[5] from that judgment.

While the plaintiffs have raised a number of issues on appeal, we view the central question to be whether the trust provided for in the testator's will ever came into existence. We hold that it did not. Under the terms of the will, the defendant was named as trustee of a residuary trust. As the trial court aptly stated: "By the terms of Leon Kron's will the residue of the estate was the portion to be held in trust. The residue of an estate is that portion which remains after the payment of debts, charges and *particular legacies. First National Bank & Trust Co.* v. *Baker,* 124 Conn. 577, 587 [1 A.2d 283] (1938). The residue of Leon Kron's estate could not be ascertained until the time of the mutual distribution agreement. It is at the time of settlement that a trustee is entitled to receive from the administrator the entire residue of an estate. *Shepard* v. *Union & New Haven Trust Co.,* 106 Conn. 627, 633 [138 A. 809] (1927). The duties of a trustee are placed upon him after the settlement of the estate is completed. *Ryder* v. *Lyon,* 85 Conn. 245, 252 [82 A. 573] (1912)." (Emphasis in original.)

Until the mutual distribution was filed on January 30, 1981, the executrix of Leon Kron's estate had possession of the estate and full authority to settle any and all claims in favor of or against it.[6] The defendant was

---

[5] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

[6] Paragraph eight of the testator's will provides in part:

"My Executrix or Executor, as the case may be, is to have immediate seizure and possession of all my estate. I hereby give unto my said Executrix or Executor, as the case may be, full power and authority to sell, transfer, convey, deliver and convert, in her or his discretion, even without petition to or order of court, and without inventory, appraisement, notice, report, confirmation and without furnishing bond, (if lawfully permitted so to do), the whole or any part of said estate, whether real, personal or mixed, at

powerless to act as trustee prior to that time. The mere existence of the trust asset did not and could not give rise to a duty on the defendant's part to collect and administer that asset. We consequently see no merit in the claim that General Statutes § 45-277a[7] required the defendant to assume the role of fiduciary prior to the final distribution, when doing so would bypass the executrix and override the express terms of the testator's will.

Whatever claims the plaintiffs had arising out of § 45-277a were properly directed to the executrix who controlled the assets of the estate during its administration. We hold that all claims arising out of General Statutes § 45-277a were resolved when the plaintiffs, then over the age of twenty-five, voluntarily joined the rest of the legatees in filing a mutual distribution pursuant to General Statutes § 45-272a. The plaintiffs

---

either public or private sale for cash or partly cash and partly credit, upon such terms and to such parties as she or he may deem advisable; *to retain and continue to hold any asset, real, personal or mixed, received by her or him as part of my estate or any increase thereof;* to extend, renew from time to time, or pay in whole or in part any indebtedness existing at the time of my decease; to settle and compound any and all claims either in favor of or against my estate, upon such terms as she or he may deem proper . . . and the exercise of such authority and power by my Executrix or Executor, as the case may be, shall be final and conclusive and not subject to question by any person interested in my estate . . . ." (Emphasis added.)

The defendant Tillie Thelen was the executrix of the estate.

[7] General Statutes § 45-277a provides in pertinent part as follows:

"(a) Unless otherwise expressly provided by the will of a testator dying after October 1, 1949, all net income from real and personal property earned during the period of administration of the estate of such testator and not payable to others or otherwise disposed of by the will shall be distributed pro rata as income to or for the benefit of the immediate income beneficiaries of any trusts created out of the residuary estate of such testator and the other persons entitled to such residuary estate. . . . Unless otherwise directed in the will, income shall be payable to the income beneficiaries of trusts, or to tenants for life or for a term of years from the date of testator's death. Nothing contained in this section shall affect the right of any person to income on any portion of the estate not part of the residuary estate of such testator.

cannot now make a claim against the defendant for failing to perform a duty that was not required of it, or for interest earned during the period of administration. Any claim for such interest was relinquished upon their signing of the mutual distribution agreement.

The trial court did not err when it granted the defendants' motion for summary judgment. "When a motion for summary judgment is filed and supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided [by the Practice Book], must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, summary judgment shall be entered against him. *Rusco Industries, Inc.* v. *Hartford Housing Authority,* 168 Conn. 1, 5, 357 A.2d 484 (1975)." (Footnote omitted.) *Farrell* v. *Farrell,* 182 Conn. 34, 38, 438 A.2d 415 (1980).

Here, the defendant supported its motion for summary judgment with two affidavits claiming to show by the nature of its dealings that it never had any control over the assets of the estate. In response, the plaintiff Marsha Kron Warner filed her sworn response to the defendant's request for admissions and a counteraffidavit, claiming that the defendant's formal communications with and payment of interest and dividends to the estate indicated an acceptance of the trust. These dealings that the defendant had with the estate were the normal activities performed by a bank in a depositor-bank relationship and do not establish the acceptance of a trust. Clearly, when the trust res could not be ascertained until the estate was distributed, there was no acceptance. "It is elementary that there can be no trust without a res, that there must be a definite subject matter. *Bassett* v. *City Bank & Trust Co.,* 115 Conn. 1, 21, [160 A. 69 (1932)] 81 A.L.R. 1488; *Shippee* v. *Pallotti, Andretta & Co., Inc.,* 117 Conn. 472, 477 [168 A. 880 (1933)]." *Danbury National Bank* v. *Millard,*

14 Conn. Sup. 174, 184 (1946). The court was correct in concluding that the defendant was entitled to summary judgment.

There is no error.

In this opinion the other judges concurred.