[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
This matter arises as an appeal from the decision of the CT Page 2739 Probate Court, terminating the parental rights of the plaintiff.
The plaintiff moves for summary judgment based on her withdrawal of consent to the termination, and other legal grounds.
On November 2, 1988, the plaintiff gave birth to a daughter. On November 4, 1988, she and the birth-father consented in writing to a termination of these parental rights. They instituted a termination proceeding on November 15, 1988 seeking to have their parental rights terminated. In January, 1989, Ms. Travis contacted Catholic Family Services, which had, in December, been appointed statutory guardian, and the Probate Court. She notified them that she wished to end the termination proceeding and that she did not want her child taken away from her. In February, the Probate Court Judge wrote to Ms. Travis, acknowledging her requests but indicating he needed to act in the "best interests" of the child.
A hearing on the termination petition was heard on September 26, 1989. At that hearing Ms. Travis again indicated that she wanted her daughter returned to her.
The plaintiff, in her motion for summary judgment, asks this court to review the actions of the Probate Court. While this matter is an appeal from Probate, it is not an "Appellate" matter, but a trial de novo. The Superior Court, when entertaining an appeal from an order of the Probate Court exercises the jurisdiction of a Probate Court. Kerin v. Stangle, 209 Conn. 260, 264 (1988).
The plaintiff has filed an affidavit and documents in support of her motion. These documents include the Probate Court file. The issue before the Court is straight-forward. Has the petitioner, withdrawn the consent, upon which the termination petition is based.
The birth father, Glen Jermstad, Jr., has failed to file an affidavit in support of his opposition, which reveals contradictory facts. Indeed, both in his memorandum and at oral argument, Mr. Jermstad admits that the plaintiff, at the September 1989 hearing, said she wanted her child back.
As the birth-father sets forth in his memorandum, to oppose a motion for summary judgment successfully, the adverse party must file an affidavit which recites facts contradicting those offered by the movant. Practice Book, 229, Rusco Industries, Inc. v. Hartford Housing Authorities, 168 Conn. 1, CT Page 2740 5, (1975). No such affidavit has been filed. Indeed, the affidavit filed admits that consent was withdrawn.
The parties do not dispute that consent was withdrawn. They argue only about when and why this withdrawal of consent was made known. As the Probate Court file indicates, the withdrawal of consent was made known early in the proceedings. But by all accounts, it was made prior to the order of termination. Hao Thi Lopp v. Lucas, 182 Conn. 545 (1980); The issue of why consent was given and then withdrawn is not relevant.
All contents of the Probate Court file are ordered unsealed. The plaintiff's motion for summary judgment is granted. Judgment shall enter in favor of the plaintiff. The statutory guardian is ordered to return the child to the birth-mother.
BY THE COURT, ELAINE GORDON, JUDGE