[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT ANDREW GAIDIS
The plaintiffs have moved for summary judgment on the issue of liability against the defendant Andrew Gaidis. In support of this motion the plaintiffs have presented affidavits, a deposition transcript and other documentary evidence which prove the following facts.
On June 29, 1990, the plaintiffs' automobile was struck from the rear by an automobile driven by the defendant Jimi DeLucia (DeLucia). DeLucia's automobile had dealer plates, which were leased to defendant Harry Unsworth (Unsworth) by defendant Andrew Gaidis (Gaidis). Pursuant to an agreement between Gaidis' liability insurance policy with respect to automobiles which bore the dealer plates which Gaidis leased to Unsworth. Unsworth used the aforementioned dealer plates in connection with his business of the purchase and sale of used automobiles. CT Page 6482
At the time of the accident, DeLucia was working for Unsworth and delivering the automobile he was driving to a dealer for resale. DeLucia has admitted that she was negligent in her operation of that automobile and that her negligence caused the impact to the plaintiffs' vehicle.
At the time of the accident there was no insurance coverage on the vehicle operated by DeLucia, other than the insurance provided by Gaidis pursuant to the lease agreement with Unsworth.
The plaintiffs claim that Gaidis is jointly liable to them for their injuries and losses under 14-60(a) of the Connecticut General Statutes which provided, in pertinent part as follows:
 If the person to whom the . . . repairer loaned the . . . number plate did not, at the time of such loan, have in force any . . . liability and property damage insurance, such person and such . . . repairer shall be jointly liable for any damage to any person or any property caused by the operation of . . . a motor vehicle on which the loaned plate is displaced.
A summary judgment shall enter where pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connecticut practice Book Section 384. One opposing a motion for summary judgment must set forth facts admissible in evidence showing genuine issue of material fact. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11-12, 459 A.2d 115 (1983). If such facts are not set forth, the court is entitled to rely upon the facts stated by the movant, Rusco Industries, Inc. v. Hartford Housing Authority, 168 Conn. 1, 5, 357 A.2d 484 (1975).
Based upon the facts presented by the plaintiffs which were unopposed by the defendant Gaidis, summary judgment is hereby entered against the defendant Andrew Gaidis as to liability only.
BY THE COURT. AURIGEMMA, J.