[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT
CT Page 8539
The plaintiff alleges that he was injured on March 6, 1991 when he tripped over a tree stump near a public telephone owned and maintained by the defendant, Southern New England Telephone Company ("SNET"). The stump and telephone are located in a grassy area between the curb of Sherman Avenue, a public highway in New Haven, and the public sidewalk. Summary judgment was previously granted in favor of the abutting landowners without opposition from the plaintiff. The defendant SNET now also moves for summary judgment, claiming that no material issue of fact exists as to any duty owed by SNET to the plaintiff or as to any issue of liability.
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Conn. Practice Book § 384; Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994); Telesco v. Telesco, 187 Conn. 715,447 A.2d 752 (1982); Yanow v. Teal Industries, Inc., 178 Conn. 262,422 A.2d 311 (1979). A "material" fact is one which will make a difference in the outcome of the case. Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist. Michaud v. Gurney, 168 Conn. 431,362 A.2d 857 (1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Dowling v. Kielak, 160 Conn. 14, 273 A.2d 716 (1970);Dorazio v. M.B. Foster Electronic Co., 157 Conn. 226, 253 A.2d 22
(1968). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 780-81, 595 A.2d 334 (1980).
Once the moving party has submitted evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8,11-12; Farrell v. Farrell, 182 Conn. 34, 38 (1980); RuscoIndustries, Inc. v. Hartford Housing Authority, 168 Conn. 1, 5
(1975). It is not enough for the opposing party merely to assert CT Page 8540 the existence of such a disputed issue. "Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § 380." Bartha v.Waterbury House Wrecking Co., supra, 190 Conn. at 12. "The movant has the burden of showing the nonexistence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of fact does exist." Kasowitzv. Mutual Construction Co., 154 Conn. 607, 613 (1967), quotingBoyce v. Merchants Fire Ins. Co., 204 F. Sup. 311, 314 (D.Conn. 1962); Burns v. Hartford Hospital, 192 Conn. 451, 455 (1984).
The party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denial but must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256,106 S.Ct. 2505, 2514, 91 L.Ed.2d 202, 217 (1986), cited in Salomon v.Krusiewicz, 14 CLT 456 p. 31, 3 CSCR 84a (Super.Ct., New Britain, 10/6/88).
At the heart of SNET's contention is its claim that it owed no duty to this plaintiff who, it is undisputed, was not using or seeking to use SNET's telephone but rather simply taking a shortcut across the street, across the grassy area and onto the sidewalk, when he tripped and fell. "If a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant." RKConstructors, Inc. v. Fusco Corp., 231 Conn. 381, 384-385
(1994). Citing Wilson v. New Haven, 213 Conn. 277 (1989), SNET argues that the "tree belt" area between the street and sidewalk is the city's responsibility and not that of SNET. AlthoughWilson would be dispositive, and in this case already was so as to the claim against abutting landowners, it is not so clear that where, as in this case, a third party assumes some degree of responsibility for a portion of the "tree belt", liability against that third party is necessarily foreclosed as a matter of law.
In Wilson, for example, the abutting landowners made repairs subsequent to the accident, and the trial court found that such control after an accident does not establish a duty at the time of the accident. Here, however, the affidavits suggest some assumption by SNET for maintenance of the area surrounding the public telephone.[1] The affidavits state that although SNET has no record of removing trees or vegetation or other CT Page 8541 obstructions from this location, its employees do inspect such facilities and their immediate surrounding areas in order to allow for unobstructed access to the telephone Although SNET argues that the area where the plaintiff fell was not within the path of access to the telephone, that fact is in dispute. While it is conceded that the plaintiff was not seeking to use the telephone, the plaintiff argues that his path is one that might conceivably be taken by one who did intend to use the telephone.
As in most cases where negligence is alleged, it is relatively rare to find situations where no material facts are in dispute. It is for this reason that summary judgment is generally disfavored in negligence cases. See Spenser v. Good EarthRestaurant Corporation, 164 Conn. 194 (1972). This case is in accord with that general rule. The facts material to resolution of the question of whether the defendant SNET owed a duty of care to the plaintiff are still very much in dispute, and summary judgment is inappropriate, both as to the negligence count and the public nuisance count.
The motion for summary judgment is therefore denied.
Jonathan E. Silbert, Judge