[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff filed this retaliatory discharge action against the defendant in September of 1996. Following the granting of the defendant's motion to strike count three of the original complaint, the plaintiff filed a four-count amended substituted complaint in February of 1997. Counts three and four of this complaint, alleging, respectively, that the reasons for the discharge violate public policy and the implied covenant of good faith and fair dealing, and that no adequate statutory remedy exists for such discharge, were the subject of a second motion to strike which this court granted in April.
The defendant has now moved for summary judgment on the remaining two counts of the complaint, claiming that there are no material facts in dispute and that it is entitled to judgment as a matter of law. Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Conn. Practice Book § 384; Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 105, 639 A.2d; 507 (1994); Telesco v. Telesco,187 Conn. 715, 447 A.2d 752 (1982); Yanow v. Teal Industries, Inc.,178 Conn. 262, 422 A.2d 311 (1979). A "material" fact is one which will make a difference in the outcome of the case. Hammerv. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578,573 A.2d 699 (1990). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist. Michaud v. Gurney, 168 Conn. 431,362 A.2d 857 (1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Dowling v. Kielak, 160 Conn. 14, 273 A.2d 716 (1970);Dorazio v. M.B. Foster Electronic Co., 157 Conn. 226, 253 A.2d 22
(1968). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 780-81, 595 A.2d 334 (1980).
Once the moving party has submitted evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8,11-12; Farrell v. Farrell, 182 Conn. 34, 38 (1980); RuscoIndustries. Inc. v. Hartford Housing Authority, 168 Conn. 1, 5
CT Page 9725 (1975). It is not enough for the opposing party merely to assert the existence of such a disputed issue. "Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § 380." Bartha v.Waterbury House Wrecking Co., supra, 190 Conn. at 12. "The movant has the burden of showing the nonexistence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of fact does exist." Kasowitzv. Mutual Construction Co., 154 Conn. 607, 613 (1967), quotingBoyce v. Merchants Fire Ins. Co., 204 F. Sup. 311, 314 (D. Conn. 1962); Burns v. Hartford Hospital, 192 Conn. 451, 455 (1984).
The party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denial but must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256,106 S.Ct. 2505, 2514, 91 L.Ed.2d 202, 217 (1986), cited in Salomon v.Krusiewicz, 14 CLT 456 p. 31, 3 CSCR 84a (Super.Ct., New Britain, 10/6/88).
It is undisputed that the plaintiff was employed by the defendant United Illuminating Company ("UI") for approximately ten years and had held different levels of the title "Compensation Specialist" for approximately five years as of the time of her termination. During the course of her employment, she had developed friendships with two of her colleagues, Maria Johnson and Ruth O'Connell.
Count one of the present complaint alleges that UI discharged the plaintiff in retaliation for her friendship with its former employee, Maria Johnson, who had sued it for sexual harassment and discrimination, and that such discharge violates General Statutes § 46a-60(4). Although Johnson had resigned from UI prior to the plaintiff's termination, the plaintiff kept in touch with her, including telephoning her from work. It is undisputed that the plaintiff did not actively assist Johnson in her discrimination litigation but did provide private "moral support".
The plaintiff's employment was terminated on August 23, 1995. On December 26, 1995, the plaintiff filed a complaint with the Commission on Human Rights and Opportunities ("CHRO") charging UI with retaliating against her based on her association with Johnson. On March 25, 1996, CHRO dismissed the plaintiff's CT Page 9726 complaint, having found that there was no reasonable possibility that an investigation would result in a finding of reasonable cause. The plaintiff has not obtained a release to sue from CHRO.
Because she has failed to obtain the requisite release to sue, the plaintiff may not maintain a discrimination claim in this court. Gen. Stats. § 46a-100. See Sullivan v. Board ofPolice Commissioners, 196 Conn. 208, 216 (1985). Significantly, in order to establish a prima facie case of retaliation, the plaintiff must prove that (1) she "was engaged in an activity protected under the [statute]; (2) the employer was aware of the plaintiff's participation in the protected activities; (3) the plaintiff was subject to an adverse employment action; and (4) there is a nexus between the protected activity and the adverse action taken." Wannamaker v. Columbian Rope Co., 108 F.3d 462,465 (2nd Cir. 1997). The "protected activity" alleged by this plaintiff is "opposing any discriminatory practice." Gen. Stats. § 46a-60a(4).
All of the evidence presented in connection with the motion for summary judgment is to the effect that the plaintiff undertook no specific action "oppose discrimination". The plaintiff denies having done anything to assist Johnson in her action against UI, and alleges only that as Johnson's friend, she provided emotional support. Based on these undisputed facts, no reasonable trier of fact could conclude that any of the activities of this plaintiff constituted "opposing discrimination". The first count of the complaint must therefore be stricken.
With respect to count two of the present complaint, it is undisputed that because the plaintiff had access to certain confidential information, the plaintiff's friend and former colleague O'Connell had approached her during the summer of 1995 to check on the attendance record of O'Connell's supervisor. The plaintiff complied and informed O'Connell of her findings. The defendant claims that this breach of confidentiality was the reason for her termination. The plaintiff alleges that the reason for the discharge was the assistance the plaintiff rendered to O'Connell in aid of the latter's effort to investigate what she considered to be a fraud allegedly committed by her supervisor. The plaintiff claims that this action violates the "Whistleblower Act", Gen. Stats. § 31-51m(b), which provides:
No employer shall discharge, discipline or otherwise penalize CT Page 9727 any employee because the employee, or a person acting on behalf of the employee, reports verbally or in writing, a violation of any state or federal law or a regulation or any municipal ordinance or a regulation to a public body or because an employee is requested by a public body to participate in an investigation, hearing or inquiry held by that public body, or a court action.
The evidence submitted both in support of and in opposition to summary judgment renders it beyond dispute that there was no statutory or regulatory violation involved in this case and that the plaintiff made no report of any such supposed violation to any public body. Moreover, there has been no allegation that the plaintiff was requested by any public body to participate in an investigation, hearing, inquiry or a court action. Given the undisputed facts, no reasonable trier of fact could conclude that the plaintiff has established the elements of a violation of the "Whistleblower Act". The defendant is therefore entitled to judgment as a matter of law with respect to the second count.
For the foregoing reasons, the defendant's motion for summary judgment is granted in its entirety.
Jonathan E. Silbert, Judge