[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 19, 1997
The plaintiff, an employee of the City of New Haven, while acting within the scope of his employment, was injured in an automobile accident involving an uninsured motorist. The plaintiff received workers' compensation payments for his injuries but also brought this action against the City of New Haven to collect uninsured motorist benefits. The City interposed special defenses asserting that the City is not obligated to provide uninsured motorist coverage to its employees and that workers' compensation is the plaintiff's exclusive remedy with respect to the City. The plaintiff moved to strike three special defenses, and this court, in a Memorandum of Decision dated November 1, 1996, effectively denied that motion [18 CONN. L. RPTR. 218 (January 20, 1997)].[1]
The City has now moved for summary judgment on the basis of its contention that there no issues of fact in dispute that based on those facts, it is entitled to judgment as a matter of law. Specifically, it claims that this court's ruling sustaining the validity of its special defenses is tantamount to a conclusion that it is entitled to judgment as a matter of law because the defendant has no legal obligation to provide uninsured motorist benefits to the plaintiff.
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no CT Page 8512 genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Conn. Practice Book § 384; Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994); Telesco v. Telesco, 187 Conn. 715,447 A.2d 752 (1982); Yanow v. Teal Industries, Inc., 178 Conn. 262,422 A.2d 311 (1979). A "material" fact is one which will make a difference in the outcome of the case. Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist. Michaud v. Gurney, 168 Conn. 431,362 A.2d 857 (1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Dowling v. Kielak, 160 Conn. 14, 273 A.2d 716 (1970)Dorazio v. M.B. Foster Electronic Co., 157 Conn. 226, 253 A.2d 22
(1968). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 780-81, 595 A.2d 334 (1980).
Once the moving party has submitted evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8,11-12; Farrell v. Farrell, 182 Conn. 34, 38 (1980); RuscoIndustries, Inc. v. Hartford Housing Authority, 168 Conn. 1, 5
(1975). It is not enough for the opposing party merely to assert the existence of such a disputed issue. "Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § 380." Bartha v.Waterbury House Wrecking Co., supra, 190 Conn. at 12. "The movant has the burden of showing the nonexistence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of fact does exist." Kasowitzv. Mutual Construction Co., 154 Conn. 607, 613 (1967), quotingBoyce v. Merchants Fire Ins. Co., 204 F. Sup. 311, 314 (D.Conn. 1962); Burns v. Hartford Hospital, 192 Conn. 451, 455 (1984).
The party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denial but must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 CT Page 8513 S.Ct. 2505, 2514, 91 L.Ed.2d 202, 217 (1986), cited in Salomon v.Krusiewicz, 14 CLT 456 p. 31, 3 CSCR 84a (Super.Ct., New Britain, 10/6/88).
In deciding the motion to strike, this court has already concluded that the statutes requiring the provision of uninsured motorist coverage, by their own terms, apply only to "automobile liability insurance polic[ies]" and "insurers licensed to write automobile liability insurance in the state." General Statutes § 38a-336 (a)(1) provides that, "[e]ach automobile liability insurance policy shall provide insurance, herein called uninsured and underinsured motorist coverage. . . . Each insurer licensed to write automobile liability insurance policy shall provide uninsured and underinsured motorists coverage. . . ." Although this statute is replete with specific references to insurance companies and insurance policies, there no specific reference to a self-insurer. In accordance with the ancient maxim inclusiounius est exclusio alterius, this court concluded that there was no obligation on the part of a self-insurer to provide such coverage. Thus, in short, although the owner of any passenger motor vehicle must provide "security", whether by motor vehicle liability insurance policy written by a licensed provider or through self-insurance, it is only policies of insurance written by licensed providers that must also provide uninsured motorist coverage. It is true that Public Act 93-297, now codified as General Statutes Sec. 38a-336 (l), essentially overruled Bouleyet al v. Norwich, 222 Conn. 744 (1992) by carving out an exception to the workers' compensation act for uninsured motorist benefits, but the case of Reliance Insurance Co. v. AmericanCasualty Ins. Co. of Reading, Pennsylvania, 238 Conn. 285 (1996), the Supreme Court specifically left unresolved the principal issue raised by this case, namely whether a self-insured entity has any obligation to provide uninsured motorist benefits at all.Id. at 289, n. 4.
The plaintiff claims that summary judgment should not be granted because "genuine issues of law exist", citing Bonners v.City of New Haven, Docket No. CV 96-0382013S, Judicial District of New Haven at New Haven, Corradino, J. (March 12, 1996), a companion to the present case, in which the court there appeared to reach the opposite conclusion. That conclusion, however, was based on that court's view that the overruling of Bouley by Public Act 93-297 was dispositive of all of the issues in the case. Because that decision predated Reliance, that court's decision was not informed by the previously quoted cautionary CT Page 8514 footnote in Reliance. Moreover, of course, it is not genuine issues of law that will defeat summary judgment, but genuine issues of fact, and, in any event, the genuine issues of law inthis case have already been resolved in the defendant's favor.
As to the issues of fact, it is undisputed that the plaintiff was a City employee injured in the course of his employment by an uninsured motorist and that he received workers' compensation payments for his injuries. The City has thus far neglected, however, to introduce an affidavit or other admissible evidence tending to show that it was a self-insured entity and that it was not engaged in the business of writing liability insurance policies. A copy of a "1980 Certificate of Solvency and Financial Ability to Pay Compensation Directly to Employees or Other Beneficiaries", issued by the then Chairman of the Board of Compensation Commissioners, is insufficient for this purpose. Although the City has made representations that these facts are not in dispute, the plaintiff at oral argument has refused to concede them, and this court is not about to take judicial notice of them.[2] As these are the only facts currently in dispute, however, it would be pointless to deny the motion for summary judgment outright and force the parties to go through a trial merely to establish whether the City of New Haven is a self-insured entity that does not write liability insurance policies. Therefore, the motion for summary judgment is denied without prejudice, with leave to seek reargument upon the filing of appropriate affidavits that will serve to render these remaining factual issues no longer in dispute.
SILBERT, J.