[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTIONS FOR SUMMARY JUDGMENT
The above-captioned matters arise out of a two-car automobile accident which allegedly occurred on January 9, 1993 in Seymour, Connecticut. The two named plaintiffs were passengers in a motor vehicle operated by the defendant Allesio Giannotta when it was struck by another motor vehicle operated by the defendant, Thomas W. Malone. Giannotta has moved for summary judgment in both cases, alleging that no material facts are in dispute and that he is entitled to judgment as a matter of law. In support of his motions in each case, he has appended his own affidavit, in which he states that the Malone vehicle lost control due to the icy roadway, turned 180 degrees and slid backwards into his vehicle despite his efforts to move as far to the right as possible to avoid the accident. Giannotta has also produced the affidavit of one Tony Riccio, who states that he was operating a motor vehicle directly behind the Giannotta vehicle and saw the accident occur. He recites facts that are virtually identical to those contained in the Giannotta affidavit.
In opposition, the plaintiff Dedona offers only her own affidavit in which she states that she was seated in the back seat of the Giannotta vehicle, directly behind him, and "was unable to observe who was at fault for the collision between the two vehicles." Her statement that she does not know who was at fault does not place in dispute any of the statements contained in the affidavits in support of summary judgment and she has offered no other evidence. At argument, she claimed that there were other witnesses to the accident who might have contradicted the version contained in the defendant's affidavit, but she has made no effort to provide any of their affidavits. This court specifically inquired whether she would like a continuance to permit her to obtain such affidavits, and he declined.
The plaintiff Jeneen Ferraro has offered two pages of her own deposition testimony in an effort to contradict the affidavits presented in support of summary judgment. In that fragment of CT Page 8866 deposition testimony, however, she states only that she did not see the impact but that she believes that the impact occurred in Giannotta's travel lane. None of this contradicts the defendant's assertions, leaving the fact that he did nothing to cause this accident undisputed. As with Dedona, this court specifically inquired whether Ferraro wished to rely upon the materials presently before the court or whether she would like a continuance for the purpose of obtaining additional documentation. She too declined the court's offer of a continuance and elected to rely on the materials currently in the file.
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Conn. Practice Book § 384; Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994); Telesco v. Telesco, 187 Conn. 715,447 A.2d 752 (1982); Yanow v. Teal Industries, Inc., 178 Conn. 262,422 A.2d 311 (1979). A "material" fact is one which will make a difference in the outcome of the case. Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist. Michaud v. Gurney, 168 Conn. 431,362 A.2d 857 (1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Dowling v. Kielak, 160 Conn. 14, 273 A.2d 716 (1970);Dorazio v. M.B. Foster Electronic Co., 157 Conn. 226, 253 A.2d 22
(1968). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 780-81, 595 A.2d 334 (1980).
Once the moving party has submitted evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8,11-12; Farrell v. Farrell, 182 Conn. 34, 38 (1980); RuscoIndustries, Inc. v. Hartford Housing Authority, 168 Conn. 1, 5
(1975). It is not enough for the opposing party merely to assert the existence of such a disputed issue. "Mere assertions of fact . . . are insufficient to establish the existence of a CT Page 8867 material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § 380." Bartha v.Waterbury House Wrecking Co., supra, 190 Conn. at 12. "The movant has the burden of showing the nonexistence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of fact does exist." Kasowitzv. Mutual Construction Co., 154 Conn. 607, 613 (1967), quotingBoyce v. Merchants Fire Ins. Co., 204 F. Sup. 311, 314 (D.Conn. 1962); Burns v. Hartford Hospital, 192 Conn. 451, 455 (1984).
The party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denial but must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256,106 S.Ct. 2505, 2514, 91 L.Ed.2d 202, 217 (1986), cited in Salomon v.Krusiewicz, 14 CLT 456 p. 31, 3 CSCR 84a (Super.Ct., New Britain, 10/6/88).
It is true that summary judgment should be granted sparingly in cases where the allegations are of negligence, Fogarty v.Rashaw, 193 Conn. 442 (1984). Where, however, as here, there is absolutely no evidence offered to dispute a defendant's factual claims, which, unless contradicted, would entitle him to a judgment as a matter of law, summary judgment should be granted.
The motions for summary judgment are therefore granted.
Jonathan E. Silbert, Judge