[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
Plaintiff, a history teacher at Foran High School in Milford, brought this complaint against her principal under 42 U.S.C. § 1983
based on an alleged infringement of her first amendment rights to free speech. The undisputed facts are that while in class, she made certain statements on the subject of immigration which were criticized by the parents of one of her students. Her principal discussed the situation with her and then wrote a memorandum, which was eventually placed in the principal's personal file, although not in the plaintiff's personnel file, criticizing the plaintiff for the way she handled the parents' complaint. The defendant sought to have the plaintiff sign the memorandum to confirm her receipt and understanding of it, but the plaintiff refused to do so. The plaintiff has asked the defendant to destroy the memorandum, and the defendant has declined.
Based on these facts, the plaintiff claims in count one that she has suffered extreme emotional distress and has also suffered an infringement of her rights to freedom of speech and due process of law. The second count of the complaint repeats the allegations of the first and adds the claim that the defendant's actions were "malicious, extreme and outrageous."
The defendant argues that based on these undisputed facts, the entire episode complained of by the plaintiff was "nothing but a trivial employment matter not implicating the first amendment." The defendant thus contends that she is entitled to judgment as a matter of law. CT Page 103
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Conn. Practice Book § 384; Suarez v. Dickmont Plastics Corp. , 229 Conn. 99, 105,639 A.2d 507 (1994); Telesco v. Telesco, 187 Conn. 715,447 A.2d 752 (1982); Yanow v. Teal Industries, Inc., 178 Conn. 262,422 A.2d 311 (1979). A "material" fact is one which will make a difference in the outcome of the case. Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist. Michaud v. Gurney, 168 Conn. 431,362 A.2d 857 (1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Dowling v. Kielak, 160 Conn. 14, 273 A.2d 716 (1970);Dorazio v. M.B. Foster Electronic Co., 157 Conn. 226, 253 A.2d 22
(1968). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 780-81, 595 A.2d 334 (1980).
Once the moving party has submitted evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11-12;Farrell v. Farrell, 182 Conn. 34, 38 (1980); Rusco Industries,Inc. v. Hartford Housing Authority, 168 Conn. 1, 5 (1975). It is not enough for the opposing party merely to assert the existence of such a disputed issue. "Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § 380." Bartha v. Waterbury HouseWrecking Co., supra, 190 Conn. at 12. "The movant has the burden of showing the nonexistence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of fact does exist." Kasowitz v. MutualConstruction Co., 154 Conn. 607, 613 (1967), quoting Boyce v.Merchants Fire Ins. Co., 204 F. Sup. 311, 314 (D. Conn. 1962);Burns v. Hartford Hospital, 192 Conn. 451, 455 (1984).
The party opposing a properly supported motion for summary CT Page 104 judgment may not rest upon mere allegation or denial but must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256,106 S.Ct. 2505, 2514, 91 L.Ed.2d 202, 217 (1986), cited in Salomon v.Krusiewicz, 14 CLT 456 p. 31, 3 CSCR 84a (Super.Ct., New Britain, 10/6/88).
A review of the pleadings and materials submitted both in support of and opposition to summary judgment reveals that in fact nowhere is it alleged that it was any "speech" on the part of the plaintiff that triggered the defendant's criticism of the plaintiff. Indeed, other than the reference to the parents' complaint that the plaintiff had "said something racial in their daughter's classroom relative to immigration", there has been absolutely no evidence as to the content of the "speech" in question. All of the undisputed facts confirm that the defendant's actions related only to the way in which the plaintiff handled the parents' complaint, and not to her conduct or statements in the classroom. It is absolutely clear that the plaintiff was not criticized because of what she said in the classroom, but rather for the manner in which she dealt with complaining parents.
The plaintiff argues, however, that by writing a memorandum concerning the incident and maintaining it in her own files, the defendant has chilled her exercise of free speech in the classroom in the future. To demonstrate how unreasonable this position is, it is worth printing the memorandum to the plaintiff from the defendant in its entirety:
 I am writing this summary as a follow-up to our two meetings about the recent concerns of the parents of one of your students which they expressed both to you and in a letter to me.
I want to be sure that you understand how important it is that all parents fee that they are able to approach you with any questions or concerns (about their student or about the way you conduct the class or about the course content). It is also important that all parents feel that, when they express concerns or ask questions, you listen, understand and address their concerns. When any parents leave a conference feeling that you have not answered their questions fully or truthfully it is a problem for you, for me as principal and for the whole school as we try to ensure that Foran and each CT Page 105 Foran teacher is respected and has an excellent reputation in the community.
 In the future if you know of any parent who is upset about anything like this, please let me know immediately so we can take steps to resolve the situation in a positive way as quickly as possible. An example of how we can sometimes solve a problem together is in a case last year when a parent called me wanting to move a student from your class and you called the parent and apparently reassured her so that she didn't pursue the request.
 Two other things I want to be sure you understand is the importance of responding quickly in situations such as these and the fact that changing the student's class does not resolve the main problem, which is the parent's perception that there is a problem and that they needed to request a change of class. In this case, since our efforts to resolve the problem were delayed because of your illness, I did call and suggest a change to honors level. However, I am very reluctant to let a student change in situations like these for fear that it will precipitate other requests, which would obviously be a problem for you, for me, for the school, and for the school district.
 Thank you for the time you spent meeting with me on this issue.
The memorandum contains the additional notation by the defendant, dated January 18, 1996, that "Mrs. Sivek acknowledges that she has a copy of this at home. This is the second copy. Mrs. Sivek will not sign that she is receiving this. She will get back to me with comments but won't say by when. J. Baljevic."
A teacher's right to freedom of speech is constitutionally protected, Tinker v. Des Moines Independent Community SchoolDistrict, 393 U.S. 503, 506, 89 S.Ct. 733, L.Ed.2d 731 (1969), but courts are reluctant to intervene in conflicts that arise in the daily operation of public schools unless they "directly and sharply implicate basic constitutional values." Epperson v.Arkansas, 393 U.S. 97, 104, 89 S.Ct. 266, 270, 21 L.Ed.2d 228
(1968); East Hartford Education Association v. Board ofEducation, 562 F.2d 838, 856-57 (2d Cir. 1977) (en banc) (reversing panel majority). Local school authorities and school administrators have broad discretion to prescribe curriculum, set CT Page 106 classroom standards, and evaluate the conduct of teachers "in light of the special characteristics of the school environment."James v. Board of Education of Central Dist. No. 1, 461 F.2d 566,573 (2d Cir. 1972).
In order to show an infringement of free speech, the plaintiff must prove: (1) that her speech dealt with issues of public concern, not matters of only personal concern to her; (2) an adverse employment action was taken against the plaintiff; (3) the speech was a motivating factor in the defendant's adverse employment decision; and (4) on balance, the speech did not comprise the efficient functioning of the school. Alba v. AnsoniaBoard of Education, F. Supp., 1998 WL 154664, D. Conn. March 11, 1998, at pg. 4 (copy attached); Connick v. Myers, 461 U.S. 138,146-48, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983); Pickering v. Boardof Education, 392 U.S. 563, 568, 50 L.Ed.2d 471 (1968).
To determine whether a public employee's speech related to a matter of public or private concern, the court must consider the content, form and context of the statements. Connick v. Myers, supra, 461 U.S. at 147. Whether the plaintiff's speech was protected is an issue of law, not fact. Alba v. Board ofEducation, supra, 1998 WL 154664, at pg. 4; Ezekwo v. NYC Health Hosps. Corp. , 940 F.2d 775, 781 (2d Cir.), cert denied,502 U.S. 1013, 112 S.Ct. 657, 116 L.Ed.2d 749 (1991). Matters of public concern generally relate to systemic criticism of the public institution in question. Matters relating to a plaintiff's individual employment situation generally do not implicate the First Amendment. Alba v. Ansonia Board of Education, supra, at pg. 5; Saulpaugh v. Monroe Community Hosp. , 4 F.3d 134, 143 (2d Cir. 1993), cert. denied, 510 U.S. 1164, 114 S.Ct. 1189,127 L.Ed.2d 539 (1994).
The plaintiff's complaint does not implicate system-wide issues. The parents of a student complained about what they considered to be the plaintiff's unprofessional attitude, and her principal suggested how she ought to have responded. The plaintiff sustained no damage as a result of anything she said; she was criticized for the manner of her interactions with a set of parents, not for the content of her classroom remarks. This is not protected by the First Amendment. See Berheim v. Litt,79 F.3d 318, 324 (2d Cir. 1996) (Action under 42 U.S.C. § 1983
dismissed because elementary school teacher's speech did not rise to the level qualifying for constitutional protection when it was about the conditions of her employment at her school and her CT Page 107 rejection as a speaker on a curriculum program); Ezekwo v. NYCHealth Hosps. Corp., supra, 940 F.2d 775 (public medical doctor's complaints were personal in nature and generally related to her own situation within the hospital's residency program; court concluded that her primary aim was to protect her own reputation and individual development as a doctor).
The only "speech" on the part of the plaintiff that even arguably might touch on a matter of public concern relates to the allegation by the parents of the student that the plaintiff had made a "racist comment" in the classroom. However, the comment that the parents characterized as "racist" was never specified by them or anyone else, and the plaintiff herself has testified that she had no idea what the parents were referring to. It would be pure speculation to infer that the comment dealt with a matter of public concern.
Moreover, even if the "racist comment" allegation touched on a matter of public concern, the plaintiff has testified at her deposition that the defendant never mentioned it, either in their meetings or in her memorandum to the plaintiff.[1] The undisputed facts show that the comment was not given any weight or consideration by the defendant and was not a motivating factor in the memorandum that she gave to the plaintiff emphasizing the importance of being sensitive and forthright with parents in addressing their concerns. The plaintiff's unsubstantiated subjective belief that her freedom of speech has been chilled is insufficient to state a valid constitutional claim or to raise a triable issue of fact. Larkin v. Town of West Hartford,891 F. Sup. 719, 727 (D. Conn. 1995) (citing Laird v. Tatum,408 U.S. 1, 11, 92 S.Ct. 2318, 2324, 33 L.Ed.2d 154 (1972).
In addition, the defendant's memorandum does not constitute an "adverse employment action". It contains no reprimand nor any threat of future disciplinary action, but rather only advice and guidance. It did not become a part of the plaintiff's official employment record. Since the defendant had generated the memorandum, she kept a copy in her correspondence file, and the plaintiff has given the court no authority upon which it could conclude that the defendant did not have the right to do so. The plaintiff certainly has no right to possess or destroy all copies. Cf. Aebisher v. Ryan, 622 F.2d 651 (2d Cir. 1980).
In short, this is not a case about the plaintiff's having been disciplined for exercising her right to freedom of speech as CT Page 108 protected by the Constitution. Indeed, the undisputed facts show that there was no discipline undertaken by the defendant against the plaintiff, that no constitutional protections apply, and, perhaps most significantly, that the "speech" is an absolute red herring in this case. There is no evidence as to the content of this "speech", and it is clear from the undisputed facts that all of the activities undertaken by the defendant were in reaction not to the "speech" but to the manner in which the plaintiff responded to concerned parents. The defendant is entitled to judgment as a matter of law, and the motion for summary judgment is granted.
Jonathan E. Silbert, Judge.